PORTUGUESE-AMERICAN INDEPENDENT SOCIAL CLUB *vs.* MICHAEL F. COSTELLO *et al.*

JUNE 14, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is a petition for a writ of *certiorari*, directed to the respondents as members of the state division of intoxicating beverages. It is brought by the petitioner to quash the record of a decision by the respondent division which sustained a ruling by the bureau of police and fire of the city of Providence, denying the petitioner's application for a class D liquor license under the provisions of chapter 2013, public laws 1933, as amended. The respondent division, in response to the writ, has made a return of the proceedings before it and the records in question are now before us.

The petition alleges substantially that the Portuguese-American Independent Social Club, petitioner here, was duly organized on March 14, 1934, under the provisions of chap. 248, G. L. 1923 and is operating in all respects in conformity to its articles of association and the provisions of the above-mentioned chapters; that the petitioner's application for a class D liquor license was originally granted in January 1937 and that a renewal thereof from December 1, 1937 to November 30, 1938, was also granted by the bureau of police and fire for the city of Providence; that another application for a renewal of such license for the premises at 122 Brook street, covering the period from December 1, 1938 to November 30, 1939, was denied, after a hearing, by the bureau of police and fire; and that the petitioner thereupon, by virtue of chap. 2013, took a timely appeal from this ruling to the respondent division; that, after a further hearing before the respondent division, at which evidence was introduced, the respondent division rendered a decision, sustaining the ruling of the bureau of police and fire in denying the petitioner's application for such license.

The petitioner contends substantially that it is a *bona fide,* incorporated club within the meaning of sections 1 and 5 of chap. 2013 of P. L. 1933, as amended; that, as such a club, it has been conducted in all respects in conformity to its bylaws and the pertinent statutes; and that, upon the

evidence in the instant case, the respondent board abused its discretion in sustaining the ruling of the bureau of police and fire, denying the petitioner's application for a class D license.

The immediate question before us, in this type of proceeding, is whether there is any evidence in the record to support the respondent division's decision. It is too well settled to require extended discussion or citation that, in such a proceeding on *certiorari,* we inquire into the evidence not to pass upon its weight, but merely to determine whether there was any evidence before the respondent tribunal to support its decision, or whether such decision was made arbitrarily and upon no evidence before it. *Fainardi* v. *Dunn,* 46 R. I. 344; *Bishop* v. *Superior Court,* 50 R. I. 13; *Coggeshall* v. *Harbor Commission,* 50 R. I. 175; *Browning* v. *Browning,* 53 R. I. 112.

The issue, therefore, in the instant case boils down to whether or not there was any evidence to support the decision of the respondent division. We have examined the transcript of evidence, having in mind chap. 2013, as amended by chap. 2088, and we are of the opinion that there was evidence to support the decision of the respondent division.

The petitioner, in applying as a *bona fide* club for a class D liquor license, had the burden of establishing before the bureau of police and fire, in the first instance, that it was such a club; and that it was being operated in compliance with its bylaws and the pertinent provisions of chap. 2013, as amended by chap. 2088, P. L. 1934.

Chapter 2013, P. L. 1933, as amended by chap. 2088, P. L. 1934, defines *class D* licenses as follows:

> "Class D. Such a license shall be issued only to a club and shall authorize the holder thereof to keep for sale and to sell beverages at the place therein described at retail and to deliver the same for consumption on the premises where sold; *provided,* that if a club is not the

owner or, for the period of two years next before the filing of its application for a license, the lessee of the premises where its principal activities are carried on or of kitchen and dining room equipment in the club premises reasonably adequate to supply its members and guests with food, then such license shall authorize the holder thereof to keep for sale and sell malt and vinous beverages, but not beverages consisting in whole or in part of alcohol produced by distillation. . . ."

It further defines the qualification of a club as follows:

" 'Club': A corporation subject to the provisions of article III of chapter 248 of the general laws of 1923, as amended, owning, hiring or leasing a building or space in a building of such extent and character as may be suitable and adequate for the reasonable and comfortable accommodation of its members and whose affairs and management are conducted by a board of directors, executive committee or other similar body chosen by the members at a meeting held for that purpose, none of whose members, officers, agents or employees are paid directly or indirectly any compensation by way of profit from the distribution or sale of beverages to the members of the club or to its guests beyond the amount of such reasonable salary or wages as may be fixed and voted each year by the directors or other governing body."

Keeping in mind these provisions and the petitioner's own bylaws, the evidence leaves much to be proved by the petitioner. The bylaws of the petitioner required the financial secretary to receive all moneys of the association and to turn them over to the treasurer who "shall deposit all moneys in his possession over $50 in some safe bank", and also that the trustees shall be appointed by the club. We think that there was evidence before the respondent division which showed that a person who was not the treasurer purported to hold the money of the club and that neither he nor the treasurer ever deposited this money in any bank; that neither of them, or the club, kept any bank account or any accurate books of financial account; and that, until December 16,

8

1938, which was after the present application was first denied, no trustees were appointed by the club.

There was evidence which showed also that no dues were being collected; that there was practically no limit on the membership; that no vote was passed upon the admission of new members; that no election of officers was held for two years previous to the ruling; that no record of the members' voting any salaries to employees, as required by law, was kept; that certain proceeds from alleged participation by the club in athletic activities under the name of Crescent Athletic Club were not received by or subject to any recorded order of the club; that the owner of the building was also vice-president and steward, and apparently received rent, salary and money for electric service, which was carried over a meter in his and not in the club's name; that no record was kept showing that the club had ever voted any authority to pay such rent or other accounts; and that there was doubtful compliance with several of the club's bylaws.

Upon this showing there were too many instances of the club's failure to satisfy the provisions of law and its bylaws to be discounted on the alleged ground of inexperience or oversight; and there was evidence to support the action of the respondent division in sustaining the ruling of the bureau of police and fire in denying the petitioner's application for a class D liquor license. As stated previously, we are not concerned in this proceeding with weighing the evidence or passing upon its sufficiency.

Under the circumstances, the relief prayed for by the petitioner is denied; the writ of *certiorari* heretofore issued is quashed; and the papers and records heretofore produced by the respondents in response to the writ are ordered to be returned.

*Harry A. Smith,* for petitioner.

*Louis V. Jackvony,* Attorney General, *Frank C. Cambio,* Assistant Attorney General, for respondents.