RHODE ISLAND STATE FAIR ASSOCIATION *vs.*
RACING AND ATHLETICS HEARING BOARD.

JULY 21, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J.   This is a petition for a writ of certiorari to have this court review and quash a decision of the respondent board.   The writ was issued and in compliance therewith such board has certified the record of its proceedings in the matter under consideration.

It appears that the Rhode Island State Fair Association, hereinafter referred to as the petitioner, a nonbusiness corporation organized under the laws of this state, filed with the commission on horse racing and athletics its application for a class E license for racing meets for harness racing with pari-mutuel betting, to be held during the state fair at petitioner's grounds in South Kingstown in this state from August 13 to August 22, 1953 inclusive excepting Sundays. Thereafter without holding any hearing said commission denied the application.

The petitioner duly appealed from such decision to the racing and athletics hearing board, termed herein the respondent, which held a hearing and took testimony on the application.   Two members of said board filed a decision denying and dismissing petitioner's appeal whereas one member filed a dissenting opinion thereto.   Following such decision petitioner filed in this court the instant petition alleging therein that for certain reasons the decision of the

majority of the respondent board was contrary to law and the facts presented in evidence and that the dissent of the minority member of the board was correct. The petitioner therefore asks this court to quash the decision of the majority of the board.

There is little or no dispute between the parties as to the facts in evidence. It appears that for many years there has been harness racing at the state fair at South Kingstown. Between the years 1934 and 1941 there was such racing with pari-mutuel betting. Because of war conditions racing was not resumed until 1947 but apparently no pari-mutuel betting was then permitted. There was evidence which showed that prior to 1941 petitioner made a moderate profit whereas since 1947 its business showed a substantial operating loss. About thirty witnesses testified before the board and several petitions and letters were presented, all bearing on the question whether harness racing and pari-mutuel betting thereon should be allowed at the state fair. The views expressed on that issue were varied and sharply conflicting. Some related to the propriety of such type of betting in general and others to betting at the state fair, which is held not far from a girl scout camp and Rhode Island State University.

It is admitted that the respondent board had jurisdiction to hear petitioner's appeal from the decision of the racing commission. See public laws 1939, chapter 660, sec. 126, as amended by P. L. 1946, chap. 1746, sec. 26. The petitioner argues that the decision of the majority of the board was based on a misinterpretation of the evidence. In that decision, referring to South Kingstown, it is stated: "* * * there is substantial evidence that there is strong sentiment against the granting of the license even though there is also sentiment in favor of granting the license * * *." That statement was undoubtedly correct and showed that the board had not misinterpreted the evidence but realized that it was in conflict on that issue. In determining such issue against petitioner and deciding the case the majority of the board

stated in their decision that "considering all the testimony and the evidence and the law, and having in mind the public interest, we * * * see no reason why we should change the decision of the Racing and Athletics Commission." In other words petitioner, which had the burden of persuading the board that the decision of the commission was erroneous, had not sustained that burden, taking into consideration the law and the evidence and having in mind the public interest generally and as it related to South Kingstown.

Viewed broadly we are satisfied that there was in the record legal evidence to support the decision of the majority of the board. We have before us a petition for certiorari under which only questions of law are brought here in accordance with the statute. It is well settled that in considering such a petition we do not pass upon the weight of the evidence. We examine the record merely to see that the decision being reviewed was not made arbitrarily and that there was some legal evidence to support it. *Parenti* v. *Parenti*, 71 R. I. 18; *Portuguese-American Independent Social Club* v. *Costello*, 63 R. I. 4. In our judgment this is not a case, as petitioner urges, which requires this court to exercise its final revisory jurisdiction under section 1 of article XII of the amendments to the state constitution. Nor is it one wherein this court's power respecting the issuance of prerogative writs under general laws 1938, chap. 495, §2, is invoked. It is our opinion that the petitioner takes nothing by this argument.

The petitioner also contends that when a horse racing track has been "established" in a town by the town council thereof giving its consent to the "establishment" of such a track, the change in public sentiment in the town from time to time with reference to horse racing is not a sufficient reason to refuse a license for racing dates at such track. The original pertinent statute in regard to the establishment of a horse racing track in a town or city is P. L. 1934, chap. 2086, sec. 17. However, see also G. L. 1938, chap. 12, §17, as amended by P. L. 1952, chap. 3025. It appears that by

vote of the town council of South Kingstown on June 25, 1934 a horse racing track was established at the present grounds of petitioner then owned by its predecessor in title. There is evidence that between 1934 and 1941 the track was conducted in an orderly manner and that no complaints were made to the authorities. Under the provisions of the statute last referred to if such consent for the establishment of a track be given, all further regulations thereof shall rest with the commission and the rights of the town therein are specifically limited.

The petitioner maintains in substance that because the track was established the state fair association is entitled as of right to a license to conduct harness racing with pari-mutuel betting. We are unable to agree with such contention. In our opinion a license to operate racing as here is a mere privilege and is not a right. The petitioner has cited numerous cases which discuss the meaning of the word "established." None of them, however, involves its application to a horse racing track under a statute as here. Further in the instant case the holding in *State* v. *Barnes*, 20 R. I. 525, relied on by petitioner, is not controlling. In that case the governing statute specifically provided that when a town council established a place where the business of slaughtering cattle and other animals should be carried on, it thereby vested in the occupant or owner thereof a right to use and occupy the same for the purposes aforesaid until the right be withdrawn or suspended, or until such use and occupancy be abated as a public nuisance.

Conceding that petitioner's track has previously been established, therefore not requiring a referendum in the town under P. L. 1952, chap. 3025, and that the track has been properly conducted in the past, nevertheless the power to regulate it, which includes the right to issue or withhold a license, still rests with the commission in the first instance and, on appeal from its decision, with the respondent board.

Moreover, under the provisions of G. L. 1938, chap. 12, §10, the division had the right to reject an application for a

license for any cause which it may deem sufficient. The commission succeeded to that power which the respondent board also has on appeal. The right is clear, broad and comprehensive and in our judgment is not equivalent, as petitioner argues, to the phrases "for cause" or "for cause shown," meaning legally sufficient cause. For that reason the case of *Narragansett Racing Ass'n Inc.* v. *Kiernan,* 59 R. I. 79, is distinguishable and not in point since it rests on the construction of a different statute.

In the instant case it is our opinion that petitioner has failed to show that it is entitled to the relief prayed for in its petition. The majority of the respondent board found from the evidence that there was in the town a strong sentiment against granting the license for reasons hereinbefore indicated. In their judgment this constituted a sufficient cause, having in mind the public interest, to deny petitioner's application for a license. We cannot say that in the exercise of such power the board acted arbitrarily or contrary to the statute as we construe it or to the law generally.

The petition for relief is denied, the writ of certiorari heretofore issued is quashed, and the records and papers certified to this court are ordered returned to the respondent board.

*John L. Curran, Louis V. Jackvony, Jr.,* for petitioner.
*William E. Powers,* Atty. Gen., *Alfred E. Motta,* Special Counsel, for respondent.