AMELIA PARENTI *vs.* DOMENICO PARENTI.

FEBRUARY 28, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. *Certiorari.* The petitioner seeks to have quashed a certain superior court record by which a decree previously entered in a divorce proceeding, awarding the petitioner temporary allowance for herself and minor children, was modified and certain injunctive relief was also granted the respondent, upon his motion. The writ issued and the record was duly certified to this court.

The following are the facts: On March 23, 1944 the petitioner filed in the superior court against the respondent her petition for a divorce from bed and board. With this petition she filed a motion asking for the entry of an interlocutory decree giving her the custody of the four minor children of the parties and an allowance *pendente lite* for the support of herself and their children. On this motion a consent decree was entered on April 10, 1944 which, among other things, granted the petitioner the custody of the children and directed the respondent to pay her $40 each week for their and her support. Thereafter, pursuant to the terms of such decree, the respondent made certain payments to the petitioner, but eventually he became in arrears. On October 4, 1944, under the provisions of general laws 1938, chapter 416, §14, on the affidavits of the petitioner and of her attorney an execution was issued by the superior court in the sum of $150 against the goods and chattels of the respondent and for want thereof against his body.

Before this execution was served, the respondent, on October 16, 1944, filed a motion in the superior court asking that, due to changed circumstances, it modify the previous decree ordering him to pay the petitioner $40 per week, and also praying that it enjoin the service of said execution pending the hearing on his motion and for further appropriate relief. This motion was heard October 20 and on October 23 an order was entered by that court providing that "the respondent shall pay to the petitioner each week the sum of $25.00, of which $5.00 shall be applied in reduction of the amount of $180 now due and unpaid under the terms of the

aforesaid decree, until the said sum is paid in full, and the $20 balance of said weekly sum shall be for the support of the petitioner and her said minor children, and when the aforesaid sum of $180 is paid in full said weekly sum of $25.00 shall be paid to the petitioner for the support of herself and said minor children, and it is further Ordered, Adjudged, And Decreed that all persons are permanently enjoined until further order of this Court from satisfying or acting under said execution, except said respondent." This order is the record of the superior court which the petitioner is seeking to have quashed in the present proceeding.

The petitioner argues that the evidence presented by the respondent in support of his motion not only furnished no basis for a modification of the weekly payment, but showed that if there was any change of circumstances it was due to his own misconduct. She also contends that the superior court acted in excess of its jurisdiction with reference to granting the respondent injunctive relief against the service of the execution which had been issued, and in ordering that $5 of the weekly payment be applied in reduction of the amount of the allowance already accrued and owed by him.

It is well settled that upon *certiorari* we do not pass upon the weight of the evidence, but examine it merely to determine whether there was any legal evidence before the tribunal, the record of which is being reviewed, to support its decision, or whether such decision was made arbitrarily without the support of any such evidence. *Lapre* v. *Kane,* 69 R. I. 504. We have therefore, solely for the above purpose, examined the evidence presented by the respondent in support of his motion. As bearing upon the question of changed circumstances it appears from such evidence, among other things, that when the original consent order was entered he was earning between $60 and $70 per week but only about half that amount for two months prior to and at the time the motion in question was heard. In this connection the respondent testified that "things aren't as good as they were". He also gave evidence that since the

entry of the first order he had contracted a bill, which he still owed, for work on his automobile; that he had borrowed $200 from a bank to pay the petitioner under such order; and that his brother had advanced to him $350 for use in his business, the nature of which he declined to divulge on cross-examination, claiming his constitutional privilege against self incrimination. The petitioner submitted no evidence whatever in contradiction of respondent's testimony.

On this state of the proof it is clear that there was some legal evidence which, if believed, as apparently it was by the trial justice, supported his decision granting the respondent's motion and ordering a reduction in the weekly allowance to the petitioner. We do not in this proceeding weigh the evidence, brought out in the cross-examination of the respondent, of certain alleged misconduct on his part which the petitioner contends contributed to the changed circumstances, if any. We assume that the trial justice considered such evidence in reaching his decision. We find, therefore, no valid reason for quashing that part of the order of October 23, 1944 reducing the weekly allowance of the petitioner to $25.

However, we find no support in the record before us for the portion of the decree ordering that $5 of the weekly payment be applied in reduction of the amount of the allowance already accrued and owed by the respondent. This part of the decree is, in our opinion, ambiguous and to some extent contradictory. The respondent's motion, as far as the allowance was concerned, merely asked that the amount thereof be reduced because of his changed circumstances. The decision on that issue related of necessity to the future allowance since admittedly the trial justice had no authority, on such a motion, to reduce the amount that already had accrued under the previous decree. Primarily a decision of this motion required a determination of what the respondent was able to contribute to the support of the petitioner and their children, and what the petitioner needed in that respect.

It is plain from the trial justice's decision and the decree

that he found that the respondent was able to pay from his income the sum of $25 each week. As to the petitioner's needs, it is also clear to us, from a consideration of the decree as a whole, that the trial justice found that she actually required at least $25 each week, although in one portion of the decree there is a reference to the sum of $20 each week for the support of herself and children. We are aided in coming to this conclusion by that part of the decree which orders that when the accumulated allowance of $180 has been paid in full at the rate of $5 per week, then the entire $25 shall be applied to the support of the petitioner and her children, without any provision for a further hearing or examination into the circumstances of the parties at the time when this occurs.

The decree as entered did order the respondent to pay the petitioner each week the total sum of $25. However, as we view the decree, the trial justice in effect attempted to have $5 of that amount do double duty by causing such sum not only to be applied to the petitioner's current weekly support as aforesaid, but also to be applied in reducing each week by that figure the respondent's indebtedness to her of $180 based on already accumulated and unpaid allowance. Under the instant record the petitioner is entitled to receive, as current allowance for the support of herself and children, the $25 per week referred to in the decree; and she should not be called upon to contribute $5 of that amount toward the reduction of the respondent's accrued indebtedness to her, which he was bound to pay. In our opinion, under all the circumstances appearing herein, such portion of the decree as provides that $5 of the petitioner's weekly allowance be applied in reduction of the said amount of $180 is improper and invalid and should be quashed.

As to her contention that the superior court acted in excess of its jurisdiction in staying the service of the execution, the following observations seem pertinent: It is established that G. L. 1938, chap. 416, §14, includes allowance for support *pendente lite* although they are not specifically referred to

therein. *Grattage* v. *Superior Court,* 42 R. I. 546. Also in that case the court, in reference to relief by execution for the collection of such allowances, states, at page 548: "The statute now provides an additional remedy at law either by suit, as on a judgment for debt, or by execution without suit, on order of the court for amounts of allowance due and unpaid. One purpose of the act doubtless was to relieve the courts from the burden of numerous proceedings in contempt and to provide a simple and effective remedy at law for the enforcement of an allowance, the amount of which was fixed and certain." See also *Asadoorian for Writ of Habeas Corpus,* 48 R. I. 50.

An examination of §14, *supra,* shows that after authorizing the issuance of executions for amounts of allowance due and unpaid the section then provides specifically in respect to such allowances and executions as follows: "and the court may make all necessary orders and decrees concerning the same and the same at any time may alter, amend, and annul for sufficient cause, after notice to the parties interested therein." In addition, by G. L. 1938, chap. 552, §3, broad powers are granted any justice of the supreme or superior court to stay, for cause shown, the execution issued upon any judgment or decree. In *Boyden* v. *Boyden,* 50 R. I. 326, the power of a justice of the superior court to stay an execution against the body for alimony was recognized.

It should be noted, however, that orders and decrees issued under the authority of the above statutory provisions modifying previous outstanding orders for allowance cannot be made to operate retroactively, *Harvey* v. *Harvey,* 45 R. I. 383, but they look toward the future, *Asadoorian for Writ of Habeas Corpus, supra.* And it is well settled that an allowance *pendente lite* is so far regarded as a judgment for debt, when accrued and unpaid, that the court cannot by decree reduce or cancel the amount thereof upon a motion to modify, suspend or vacate the order for such allowance. *Hurvitz* v. *Hurvitz,* 44 R. I. 501; *Grattage* v. *Superior Court, supra.*

In the instant case the trial justice in the decree entered by him found that the sum of $180 was due and owing the petitioner as accrued unpaid allowance, and properly did not attempt to reduce that amount. It is our opinion that, under the broad powers conferred by the statutes above referred to, he had jurisdiction to enter the order staying, until further order of the court, the execution already issued in so far as it ran against the respondent's body. To that extent the trial justice did not act in excess of his jurisdiction.

However, in our judgment, the order as entered staying the entire service of the execution was, under all the existing circumstances, too broad. No legal evidence of any kind is found in the record, and no reason appears therein, supporting the stay of the execution in so far as it applies to the goods and chattels of the respondent. The petitioner, for all that appears, is entitled to collect, out of such goods and chattels, if any there be, the amount of her allowance accrued under the previous decree. It was error, in view of the facts disclosed, to stay the execution to that extent, and the portion of the decree so providing is also ordered quashed.

So much of the record of the superior court in the matter before us as is inconsistent with this opinion is ordered quashed, and the papers in the case are remitted to the superior court.

*John G. Murphy,* for petitioner.
*William A. Needham,* for respondent.