354

275 A.2d 270.

ANTONIO M. LACOMBE *vs.* LORETTA LACOMBE.

APRIL 2, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This cause was heard before a justice of the Family Court on petitioner Antonio M. Lacombe's motion to modify the final decree due to a change of circumstances and on respondent Loretta Lacombe's motion to adjudge the petitioner in contempt. The case is before us on the respondent's appeal from the decree entered in that proceeding.

On May 31, 1963, a final decree for divorce was entered between the parties. A portion of that decree required that Antonio M. Lacombe pay his wife the sum of $15 as alimony per week. On December 12, 1969, a motion was filed in the Family Court by Antonio to amend the final decree due to a change in circumstances and conditions. On December 19, 1969, after a hearing on the husband's motion, a decree was entered reducing the alimony

payment to $5 per week. Because Antonio had failed to make support payments for the preceding six weeks and had therefore been adjudged in contempt, an additional $5 per week was ordered to be paid until the arrearage of $90 was satisfied.

The respondent claims that there was insufficient evidence offered to prove a change in circumstances. Specifically, she argues that "* * * the transcript is devoid as to any testimony with reference to how much he was earning at the time of the entry of the final decree." The respondent further claims: "There is a vague, ambiguous reference as to what he was earning at the time of 'this decree,' however, the record does not show what decree was being referred to." Therefore, respondent contends that the husband failed to establish a change in circumstances. We do not agree.

We do feel that it would be helpful to this court if in the future final decrees entered in the Family Court would include the findings upon which alimony and support awards are based. However, under these facts we need only look at the following portion of the transcript involving the direct examination of Mr. Lacombe to determine that sufficient evidence had been introduced.

"37 Q But at any rate, while you worked out there [State Institutions] *at the time of the entry of this decree,* you were—
"A One hundred and forty dollars, my pay check.
"38 Q That was your net?
"A Yes.
"39 Q *But your gross was $420 a month?*
"A *Yes.*
"40 Q *And you are now taking $270 a month?*
"A *Yes.*" (Emphasis supplied.)

Antonio then went on to list his expenses relative to his income. Evidently the trial justice interpreted the "decree" referred to in question 37 to be neither ambiguous nor

vague, but to refer to the final divorce decree entered in 1963. We perceive no other reasonable interpretation. Giving full credence to the evidentiary standard of fair preponderance enunciated in *D'Arezzo* v. *D'Arezzo,* 107 R. I. 422, 267 A.2d 683, we agree with the trial justice that a change in circumstances had sufficiently been proven.

The petitioner also argues that under *Parenti* v. *Parenti,* 71 R. I. 18, 22, 41 A.2d 313, 315, the $5 arrearage payment constituted error. In the *Parenti* case, we invalidated an attempt to have an arrearage paid out of a portion of a support order. Such is not the case here. The trial justice correctly set separate support and arrearage amounts in his decree.

The respondent's appeal is denied and dismissed, and the case is remitted to the Family Court for further proceedings.

*John A. Mutter,* Legal Aid Society of Rhode Island, for petitioner.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for respondent.