**Thelma B. STANTON, Plaintiff and Respondent,**

v.

**James Lawrence STANTON, Jr., Defendant and Appellant.**

**No. 14268.**

Supreme Court of Utah.

June 23, 1976.

D. Gary Christian, Kipp & Christian, Salt Lake City, for defendant and appellant.

Bryce E. Roe, Roe & Fowler, Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

This appeal challenges a judgment awarding $2,700 child support to plaintiff;

together with interest and costs. The award was made for a daughter of the parties for a period ensuing after her eighteenth birthday and culminating at her twenty-first birthday. Statutory references are to U.C.A.1953.

In November of 1960, defendant, pursuant to an original decree of divorce, was ordered to pay plaintiff $100 per month support payments for each of the minor children of the parties. There were two children, a daughter, who was born February 12, 1953, and a son, whose birthday date was January 29, 1955. Upon the daughter attaining the age of 18 years, the father, defendant, ceased paying child support for her. Subsequently, the mother, plaintiff, filed a motion for entry of judgment against defendant for $2,700, the sum of which had accumulated since the eighteenth birthday of the daughter. The trial court denied the motion on the ground that the obligation to support, under the decree, terminated at the time the daughter attained her majority.

Plaintiff appealed to this court on the ground that the statute [1] created an unconstitutional classification in violation of the equal protection clause of the Fourteenth Amendment. This court found the statutory classification reasonable and affirmed the trial court.[2]

Plaintiff appealed the decision to the United States Supreme Court, which ruled that the classification set by 15–2–1 denied equal protection of the laws, as guaranteed by the Fourteenth Amendment.[3] However, the court observed that its holding did not terminate the controversy as it was the prerogative of the state court to determine when defendant's obligation for his children's support pursuant to the divorce decree terminated under Utah law. The matter was remanded to this court, and in turn, the case was remanded by this court to the trial court for further proceedings.

The territorial Legislature of Utah in the lawful performance of its duty enacted Section 1035, C.L.U.1876, which reads:

> The period of minority extends in males to the age of twenty-one years and in females to that of eighteen years;
>
> .    .    .    .    .    .

The identical language has been carried in our law ever since.

Obviously the two provisions of the statute are separable and the Supreme Court of the United States in remanding this matter directed that we decide which age was correct and then legislate a bit on our own and say that the age of majority so chosen for the one sex is also the age of majority for the other sex.

The oath we took when chosen as justices of the Supreme Court of Utah forbids us to encroach on the duties and functions of the legislature. However, we need not make any such determination. The age of the male child in this divorce case has never been called into question. Counsel for the ex-wife raises a question as to when the girl child became of age. The Supreme Court never held that she did not become of age when she reached the age of 18 years.

We have said too many times to require citations that a statute is presumed to be valid unless it clearly appears to be in conflict with some provision of the Constitution. One looks in vain for some provision of the Constitution which says a girl does not become of age at age 18, and so we must hold that a girl does reach her majority at that age.

The Legislature of Utah, in an attempt to satisfy the justices of the Supreme Court of the United States, passed an amendment to Section 15–2–1, U.C.A.1953, so that it now reads:

> The period of minority extends in males and females to the age of eighteen years; . . .

---

1. Section 15–2–1, U.C.A.1953.

2. *Stanton v. Stanton*, 30 Utah 2d 315, 517 P. 2d 1010 (1974).

3. *Stanton v. Stanton*, 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975).

It thus is obvious that the statute holding that girls attained their majority at age 18 was constitutional.

The claim is made that a difference in the age at which a person attains majority is a denial of equal protection of the law. Even if that be true the constitutionality of a statute can be raised only by one who had an interest in the lawsuit. Neither the boy nor the girl is a party to, nor interested in, this matter. It is only the parents who are fussing about who is obligated by the decree to give support. There is no question about the fact that each child has been properly supported.

By our statute [4] both parents are charged equally with the duty to support and educate the children. The question before us is the interpretation to be given to the decree of divorce from which no appeal has ever been taken by either party. That decree is final and cannot now be changed. At the time the decree was made everybody knew that for almost one hundred years the age of majority for girls was and had been 18. The judge and the parties to this proceeding all assumed that when the decree stated that the father should be the one to furnish the support for the children during their minority it meant that the father should furnish the support for the son until he reached 21 and for the daughter until she reached age 18. No honest interpretation of that decree can be made to the contrary.

If the girl needs support after age 18, then if she be a minor, as claimed by the mother (which she is not), each parent is liable for her support and the burden cannot be cast upon just one of them.

If in a proper case it could be held that it is a denial of the equal protection of the law to recognize that there is a difference in age when the sexes mature, would it not also be a denial of equal protection to enable a female to marry at age fourteen while the male in order to marry must be 16?

The common law recognized this difference in maturation when it provided that girls could give consent to marriage at age 12, while a boy had to be 14 to give his consent.

■ Regardless of what a judge may think about equality, his thinking cannot change the facts of life. The records of the marriage department in Salt Lake County show that 62 per cent of all women who get married do so between the ages of 14 and 21, while only 25 per cent of the men who marry are under 21 years of age.

To judicially hold that males and females attain their maturity at the same age is to be blind to the biological facts of life.

The order of the trial court is reversed and costs are awarded to the appellant.

HENRIOD, Chief Justice (concurring):

I concur in the main opinion's conclusion that this court cannot accept the decision of the lower court in determining in effect, apparently, that a female is a minor until she is 21, as to the right of support, simply because a male has been considered such by our legislative agencies ever since this writer's memory runs to the contrary not. I agree also, that the mandate of the U.S. Supreme Court may be well intended but is somewhat wanting in specificity, apparently inviting this court to set an age to determine when support for children ends in divorce cases. This, in my opinion, is not the luxury of this court, but that of the legislative branch,—nor that of the common law, since by that law there appears to have been more than one age for adulthood, with respect to males, females, criminals (of either sex), for being raped, statutorily or otherwise, etc.

Because this court upheld an award for support of a female child until she became 18, but not thereafter, certainly is no matter of res judicata as to the fact, therefore, that a male (who is not particeps here), is entitled to support, in a divorce, only until

4. 30-2-9, U.C.A.1953.

he is 18,—or that a female is entitled to support until she is 21, because he is so entitled.

The mandate of the U. S. Supreme Court is evidenced by its wording that

> The appellee claims that any unconstitutional inequity between males and females is to be remedied by treating males as adults at age 18, rather than by withholding the privileges of adulthood from women until they reach 21. This is an issue of state law to be resolved *by the Utah courts on remand* . . . .. The appellant, although prevailing here on the federal constitution issue, may or may not ultimately win her lawsuit.

Logic would seem to require that if this be the issue, it is just as much an issue, so far as constitutionality is concerned, to say that inequality "is to be remedied by treating males as adults at age 19.5, rather than by withholding the privileges of adulthood from women until they reach 19.5."

The courts of Utah did not set the ages of 21 and 18 respectively for males and females. A statute did that, and the remand mandate that the age of these people "is an issue of state law to be resolved by the Utah courts," historically has not been considered as an acceptable legal concept by our State judiciary. Our Utah legislature has tried to satisfy the mandate of the U. S. Supreme Court by setting an age certain for both sexes as pointed out in the main opinion, and I am of the opinion that if this court literally carried out the Supreme Court's remand "for further proceedings in conformity with the opinion of this court," we could set the date of adulthood, and therefore that up to which support would be obligatory at 15, 19.5, or 26,—and thus fly in the teeth of our own legislature's already enacted legislative interdiction.

CROCKETT, Justice (concurring) :

I concur, adding the following comments:

What seems to have been almost lost sight of here is that we are dealing primarily with a controversy between two parties: the plaintiff and the defendant; and only incidentally with a universality of law.

Focusing attention directly upon the rights of the parties as they are involved in this lawsuit, there are certain principles which should be considered and applied. In the first place, as has many times been said, matters relating to the family and the support of children are equitable.[1] Wherefore, the defendant, against whom this judgment is sought, is entitled to have the considerations of equity and good conscience examined and applied in his behalf.

At the time of the entry of the decree, which ordered the defendant to pay $100 per month for each of the minor children of the parties, our statute Section 15–2–1, U.C.A.1953, provided:

> The period of minority extends in males to the age of twenty-one years and in females to that of eighteen years.

It could not be plainer that under both the statutory and decisional law of this State as it existed at the time the decree was entered, and therefore as was necessarily in the contemplation of the parties, and of the trial court, the only obligation it imposed upon the defendant was that he pay the $100 per month until his daughter Sherri was 18. Further, it is not shown that there has been any substantial change in facts upon which to justify changing the decree as so made intended.

Other important facts in the total picture are: that the defendant has fulfilled the duties required of him by the decree; and that the effect of this decree is to impose an added burden upon him which he had no obligation to anticipate or plan for. It does not now confer any benefit upon his daughter, but requires him to reimburse the plaintiff for three years' additional support at $100 per month, total $3,600,- plus interest thereon. This is not consistent with the objective of an award of support money. Its purpose is to provide for the current and ongoing necessities of life

---

1. Sec. 30-3-5, U.C.A.1953; *Walton v. Coffman*, 110 Utah 1, 167 P.2d 97.

for the dependent children; and it is not to provide a means for the accumulation of a burdensome debt upon one charged with that duty. Indeed under circumstances where the interests of justice dictate that it would be unfair or unconscionable to do so, the court may restrain the enforcement of such an accumulated debt. See *Mason v. Mason,* 148 Or. 34, 34 P.2d 328; *Franklin v. Franklin,* 83 U.S.App.D.C. 385, 171 F.2d 12; *Wassung v. Wassung,* 136 Neb. 440, 286 N.W. 340; *Parenti v. Parenti,* 71 R.I. 18, 41 A.2d 313. For the above stated reasons it is even more true that the court should not retroactively place such a burden upon the defendant.

Considering only the rights as between the plaintiff and defendant, in my judgment it is discordant to principles of equity and justice to add such a substantial burden upon the defendant by an ex post facto change of the rules during the game. For these reasons, in addition to those stated in the main opinion and in the concurrence of Chief Justice Henriod, I join in the decision reversing the judgment.

MAUGHAN, Justice (dissenting):

This appeal challenges a judgment awarding $2,700 child support to plaintiff; together with interest and costs. The award was made, for a daughter of the parties; for a period ensuing after the eighteenth birthday of the girl, and culminating at her twenty-first birthday. We should affirm. Statutory references are to U.C.A.1953.

In November of 1960, defendant, pursuant to a decree of divorce, was ordered to pay plaintiff $100 per month support payments for each of the minor children of the parties. There were two children, a daughter, who was born February 12, 1953; and a son, whose birth date was January 29, 1955. Upon the daughter attaining the age of 18 years, the father, defendant, ceased paying child support for her. Subsequently, the mother, plaintiff, filed a motion for entry of judgment against defendant for $2,700, the sum of which had accumulated since the eighteenth birthday of the daughter. The trial court denied the motion on the ground the obligation to support, under the decree, terminated at the time the daughter attained her majority, which status was set forth in 15–2–1, U.C.A.1953, as it then existed.

15–2–1 provided:

The period of minority extends in males to the age of twenty-one years and in females to that of eighteen years.[1]

Plaintiff appealed to this court on the ground the statute created an unconstitutional classification in violation of the equal protection clause of the Fourteenth Amendment. This court found the statutory classification reasonable and affirmed the trial court.[2]

Plaintiff appealed the decision to the United States Supreme Court, which ruled the classification set by 15–2–1 denied equal protection of the laws, as guaranteed by the Fourteenth Amendment.[3] However, the court observed that its holding did not terminate the controversy as it was the prerogative of the state court to determine when defendant's obligation for his children's support pursuant to the divorce decree terminated under Utah law. The matter was remanded to this court, and in turn, the case was remitted to the trial court for further proceedings.

On appeal, defendant contends the trial court did not have authority to order payment of child support after the child had attained the age of 18. Defendant urges two alternatives. First, this court may de-

---

1. This statute was amended in 1975, ch. 39, sec. 1, and currently provides: "The period of minority extends in males and females to the age of eighteen years; but all minors obtain their majority by marriage. It is further provided that courts in divorce actions may order support to age 21."

2. *Stanton v. Stanton,* 30 Utah 2d 315, 517 P.2d 1010 (1974).

3. *Stanton v. Stanton,* 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975).

termine the constitutional infirmity does not invalidate the statute in its entirety; but rather, the statute may be construed to confer the benefit of emancipation, upon both classes male and female at the age of 18. Second, if this court determines there was no governing statute in effect, then the age of majority should be set at 18 years in conformity with the national trend.

Although the explicit reason for the action of the trial court is not set forth, its judgment can be sustained under two theories. It should be emphasized the invalidity of the statutory classification was strictly confined to its effect concerning child support, and the issue of the instant matter is so limited.

Under one theory, if the statute be deemed void, the common law "shall be the rule of decision in all courts of this state." (68–3–1) Under the common law both male and female attain their majority at the age of 21 years.[4]

Under the second theory, rather than invalidating the entire statutory scheme, where a classification has the effect of unreasonably granting a benefit to one class and denying it to another, the benefit may be extended to the excluded class. A reviewing court may correct a discriminatory classification by invalidating only the invidious exception or exemption and thus extend statutory benefits to those whom the legislature improperly excluded.[5]

To extend the benefit of support to females to the age of 21 years is not at odds with legislative expression, or our society as it is. The obligation to pay support under a decree of divorce would coincide with the legal duty of every man and woman to support their children under the Uniform Civil Liability for Support Act.[6]

This act defines a child as a son or daughter under the age of 21 years.[7]

After the inception of the matter here for decision, the enactment of 15–2–1 (L. Utah 1975) continued the legislative expression of the Uniform Civil Liability for Support Act, by providing that "courts in divorce actions may order support to age 21." It does such, to the exclusion of the stated ages of majority, therein.

The trial court had the authority to order payment of support, by defendant, for his daughter, beyond her eighteenth birthday. Costs should be awarded to plaintiff.

TUCKETT, Justice, concurs in the views expressed in the dissenting opinion of MAUGHAN, J.

4. 42 Am.Jur.2d, Infants, Sec. 3, p. 10.

5. *In re Kapperman*, 11 Cal.3d 542, 114 Cal. Rptr. 97, 522 P.2d 657 (1974); *Harrigfeld v. District Court of Seventh Judicial District*, 95 Idaho 540, 511 P.2d 822 (1973); *Moritz*

*v. Commissioner of Internal Revenue* (C.A. 10th 1972), 469 F.2d 466.

