**Thelma B. STANTON, Plaintiff and Respondent,**

v.

**James Lawrence STANTON, Defendant and Appellant.**

**No. 14268.**

Supreme Court of Utah.

May 5, 1977.

Rehearing Denied June 29, 1977.
See 567 P.2d 625.

Bryce E. Roe, Roe & Fowler, Salt Lake City, for defendant and appellant.

D. Gary Christian, Kipp & Christian, Salt Lake City, for plaintiff and respondent.

HALL, Justice:

This case is before the court for the third time. The first appeal was from an order of the district court terminating the parental support obligation of a female child that had reached statutory[1] majority at age 18. On appeal plaintiff asserted the statute created an unconstitutional classification in violation of equal protection. This court did not so find and its decision affirming the trial court is found in 30 Utah 2d 315, 517 P.2d 1010 (1974). Plaintiff appealed to the United States Supreme Court which reversed, holding that the statute in question did deny equal protection and that with the age differential being invalid it was not for it to determine *when* the obligation of support, pursuant to a decree of divorce decree, terminates under Utah law, but, rather that it was an issue of state law *to be resolved*

by the *Utah courts* on remand.[2] This court thereupon remanded to the trial court which then determined that, "for the purpose of child support, children attain their majority at age 21," and entered judgment in the amount of $3,646.18, consisting of $2,700 past due support, $508.80 interest, and $437.38 costs. Defendant appealed to this court which reversed,[3] declining to abide by the remand of the United States Supreme Court in Stanton I which directed the *Utah courts* to resolve the issue as to what the age of minority shall be in Utah. This court so declined, viewing such to be a legislative rather than a judicial function. This prompted the second appeal to the United States Supreme Court[4] wherein the court observed that the pronouncement of this court was not consistent with its opinion in Stanton I in that it did not address itself to the requirement that the Utah child support law must be nondiscriminatory to comply with the constitutional standard. So once again the case was remanded here.

The Utah Legislature, after Stanton I, saw fit to enact an amendment[5] to Section 15–2–1, supra footnote 1, so that it now reads:

> The period of minority extends in males and females to the age of eighteen years.

The amendment clearly eliminated any prior discriminatory provision in the law and accomplished in an appropriate legislative manner that which this court deemed beyond its judicial function.

Turning now to the matter before us, the prior decision of this court, made at a time when the age of majority statute was invalid, and which determined that *females* reached the age of majority at age eigh-

---

1. Section 15–2–1, U.C.A.1953, formerly provided the period of minority extends in males to the age of twenty-one years and in females to that of eighteen years.

2. See pages 17 and 18 of opinion, *Stanton v. Stanton,* 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975), "Stanton I."

3. *Stanton v. Stanton,* Utah, 552 P.2d 112 (1976).

4. *Stanton v. Stanton,* "Stanton II," on appeal from the Supreme Court of Utah, —— U.S. ——, 97 S.Ct. 717, 50 L.Ed.2d 723 1977.

5. Passed March 13, 1975. In effect May 13, 1975.

teen, had the effect of imposing majority upon *both* males and females at age eighteen. The amendment to Section 15–2–1 has served to further clarify the status of Utah law and establishes as a matter of public policy the age of majority for both sexes at age eighteen.

The Court again holds, *for the purposes of this case only,* males are to be treated as adults at age eighteen, rather than withholding the privilege of adulthood to the female person in this lawsuit until age 21, *and this case shall have no retroactive effect.*

Reversed and remanded with direction to enter judgment in favor of plaintiff for costs only in the amount of $437.38.

WILKINS, J., concurs.

CROCKETT, Justice: (concurring with the decision, but with separate comments.)

It is my conviction from which I am unwilling to depart, that the setting of the age of attaining majority is a legislative function. Furthermore, that so long as the legislature has determined that there is a reasonable basis for differentiation of classes, and all persons within the same class are treated equal, there is no impermissible discrimination. It is not my understanding that our "age of majority statute" has been declared invalid, but rather that the Stanton I decision said that our statute should be applied without discrimination on the basis of sex.

This court remanded this case to our district court under that mandate. That court ruled that in applying the statute equally to both sexes the age of majority should be 21. My agreement with the instant opinion that that ruling was not properly applied in this case is based on two propositions: First, the reasons stated therein. Second and more important in my mind is something which seems to have been forgotten or overlooked.

This is a case in equity, a controversy between two individuals, not as to current and ongoing support money for a minor child, but for an alleged accumulation of past due support money of $100 per month for three years, totalling $3,600, claimed to have accrued under a divorce decree which made no such order; and which could not by any logic or reason in law or equity be construed to have so provided.

I reiterate with the firmest possible conviction that in my judgment it would be wholly discordant to principles of equity and justice to impose such an unexpected and unplanned for burden upon the defendant by an ex post facto change of the rules after the entry of the decree. To avoid repetition here, in support of what I have said herein I refer to the main and concurring opinions in our prior decision in this case, Utah, 1976, 552 P.2d 112, and authorities therein cited.

ELLETT, Chief Justice: (concurring and dissenting).

I concur, except that I think costs should be awarded to the prevailing party pursuant to Rule 54(d)(1), U.R.C.P. The defendant is the prevailing party and should have his costs.

MAUGHAN, Justice: (dissenting).

For reasons stated in my dissenting opinion in *Stanton v. Stanton,* Utah, 552 P.2d 112, 116 (1976), I again dissent.