Thelma B. STANTON, Plaintiff
and Respondent,

v.

James Lawrence STANTON,
Defendant and Appellant.

No. 14268.

Supreme Court of Utah.

June 29, 1977.

D. Gary Christian, Kipp & Christian, Salt Lake City, for defendant and appellant.

Bryce E. Roe, Roe & Fowler, Salt Lake City, for plaintiff and respondent.

Hall, Justice:

Plaintiff challenges the May 5, 1977, 564 P.2d 303; opinion of this court by petition for rehearing.

A careful consideration of the points raised by the petition finds them to be without merit with one exception. The court did overlook the second award of costs by the United States Supreme Court in the amount of $100.00. Consequently, the prior opinion is amended to include the oversight and the total cost award is now $537.38.

We also adopt the concurring opinion and comments of Justice Crockett in the said May 5, 1977, opinion as part of the main opinion.

Except as so amended, the opinion stands and the petition for rehearing is denied.

ELLETT, C. J., and CROCKETT, J., concur.

WILKINS, Justice: (dissenting and concurring).

I respectfully dissent in denying the petition for rehearing, but concur in awarding the costs in the amount of $100.00.

Although I concurred in the majority opinion of this Court, *Stanton v. Stanton,* No. 14268, 564 P.2d 303, filed on May 5, 1977, I believe that plaintiff's petition for rehearing is meritorious and therefore should be granted.

We did not have the benefit of re-argument of this matter by counsel for the parties subsequent to this Court's receiving the remand from the Supreme Court of the United States in *Stanton 2*.[1] We should hear this re-argument. Counsel for plaintiff has raised thoughtful—if strongly stated—points in the petition for rehearing, to which he and counsel for defendant should, I believe, have the opportunity to address themselves in the crucible of a court hearing where the adversary system obtains in order

. . . to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.[2]

MAUGHAN, Justice: (dissenting).

Owing to the difficulty we seem to have had with this matter, it is my view the Petition for Rehearing should be granted. I concur in the award of the $100 costs; and I join with that part of the dissenting and concurring opinion of Mr. Justice Wilkins, which counsels rehearing.

My reasons are stated in my dissent in *Stanton v. Stanton,* Utah, 552 P.2d 112, 116 (1976); and *Stanton v. Stanton,* Utah, No. 14268, 564 P.2d 303 (1977).

---

1. *Stanton v. Stanton,* 429 U.S. 501, 97 S.Ct. 717, 50 L.Ed.2d 723 (1977).

2. *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).