**FARRELL LINES, INC., as Successor to American Export Lines, Inc., Plaintiff-Appellant,**

v.

**UNITED STATES, Defendant-Appellee.**

Appeal No. 80–38.
C.A.D. No. 1268.

United States Court of Customs and Patent Appeals.

Feb. 4, 1982.

[Original Opinion as Modified by Denial of Petition for Rehearing, see 657 F.2d 1214.]

## ON DENIAL OF PETITION FOR REHEARING

MARKEY, Chief Judge, with whom RICH, Judge, joins, dissenting.

Our original opinion of August 20, 1981, is reported at 69 CCPA ——, C.A.D. 1268, 657 F.2d 1214 (1981). We there reversed the judgment of the Court of International Trade dismissing an action by American Export Lines, Inc. (AEL) for lack of jurisdiction, 85 Cust.Ct. ——, C.D. 4864, 496 F.Supp. 1320 (1980), and remanded for further proceedings. Familiarity with the facts and the previous opinions is presumed.

The case is now before us on the Government's petition for rehearing and AEL's opposition thereto. I respectfully but strenuously dissent from the court's refusal to grant a full rehearing. Upon review, I agree with the Government that there are "points of law or fact which ... the court has overlooked or misapprehended," CCPA Rule 6.1. For that reason, and because the case raises important questions involving sovereign immunity, the finality of liquidation, and the rules of appellate review, I would grant a full rehearing, including rebriefing and the rescheduling of oral arguments.[1]

All the federal courts of appeals and the Supreme Court provide for petitions for rehearing, the rationale being that "a court which is final must also be careful; it must admit of the possibility that error may occur and that original decisions may not always be the best possible decisions." D. Louisell and R. Degnan, *Rehearing in American Appellate Courts*, 44 Cal.L.Rev. 627, 632 (1956). As stated in *Stanton v. Stanton*, 429 U.S. 501, 504, 97 S.Ct. 717, 718, 50 L.Ed.2d 723 (1977) (Justice Stevens dissenting in part), "Petitions for rehearing perform the wholesome function of providing the losing litigant with a legitimate forum for adverse comment on an adverse decision."

In my view, this case is that rarity in which the losing litigant has raised sufficient questions to warrant granting the petition and providing for rebriefing and reargument. Though we grant rehearings sparingly, the grant has produced good results. *E.g., Rion v. Ault*, 482 F.2d 948, 179 USPQ 152 (CCPA 1973); *In re Prater*, 56 CCPA 1381, 415 F.2d 1393, 162 USPQ 541 (1969); *In re Nelson*, 47 CCPA 1031, 280 F.2d 172, 126 USPQ 242 (1960); *In re Potts*, 33 CCPA 1220, 156 F.2d 555, 70 USPQ 401 (1946).

### Sovereign Immunity

As the Supreme Court instructed in *Lynch v. United States*, 292 U.S. 571, 582, 54 S.Ct. 840, 844, 78 L.Ed. 1434 (1934): "The sovereign's immunity from suit exists

---

1. I agree with the indication in the order filed this date that *Waterman Steamship Corp. v. United States*, 30 CCPA 119, C.A.D. 223 (1942) does not state the law, in view of the Administrative Procedure Act (APA). Under the APA, judicial review, limited in scope, extends to decisions made by the Secretary or his delegate under 19 USC 1466 (1976), as was noted in *Suwannee Steamship Co. v. United States*, 70 Cust.Ct. 327, C.R.D. 73–3, 354 F.Supp. 1361 (1973).

whatever the character of the proceeding or the source of the right sought to be enforced ... For immunity from suit is an attribute of sovereignty which may not be bartered away."

In the dispositive portion of our opinion, it was held that the 90-day period for filing a protest to liquidation was tolled pending administrative review of AEL's petition and supplemental petition for cancellation of duties. 657 F.2d at 1218. Tolling a "statute of limitations" was viewed as necessitated by the actions of Customs Service officials. That application of tolling, however, overlooked the jurisdictional aspect of the 90-day period which in my view operates with its own jurisdiction-barring force, not merely as a statute of limitations.

The United States has consented to be sued in the Court of International Trade only if certain conditions are met. If those conditions are not met, the court lacks jurisdiction to entertain a suit against the sovereign. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); *United States v. Boe*, 64 CCPA 11, 15–16, C.A.D. 1177, 543 F.2d 151, 154–55 (1976). One of those conditions is the 90-day period for filing a protest to liquidation prescribed in 19 U.S.C. § 1514 (1976). As stated in 28 U.S.C. § 1582(c) (1976): "The Customs Court shall not have jurisdiction of an action unless ... a protest has been filed, as prescribed by [19 USC 1514 (1976)] ...."

In *Akeroyd v. United States*, 19 CCPA 249, 258, T.D. 45341, *cert. denied* 285 U.S. 550, 52 S.Ct. 406, 76 L.Ed. 941 (1931), this court held that the failure of an importer to file a timely protest is a jurisdictional defect. More recently, in *United States v. Boe*, 64 CCPA at 16, 543 F.2d at 155, this court said: "Those jurisdictional-conferring terms [in 19 USC 1514 (1976)] are mandatory, the statute having provided no room or opportunity for the exercise of discretion."

There is a fundamental difference between a jurisdictional period and a statute of limitations. *Finn v. United States*, 123 U.S. 227, 232–33, 8 S.Ct. 82, 85, 31 L.Ed. 128 (1887); *Hamner v. United States*, 13 Ct.Cl. 7, 14 (1877). As stated in *Finn*:

The general rule that limitation does not operate by its own force as a bar, but is a defence, and that the party making such a defence must plead the statute if he wishes the benefit of its provisions, has no application to suits in the Court of Claims against the United States. An individual may waive such a defence, either expressly or by failing to plead the statute; but the Government has not expressly or by implication conferred authority upon any of its officers to waive the limitation imposed by statute upon suits against the United States in the Court of Claims. Since the Government is not liable to be sued, as of right, by any claimant, and since it has assented to a judgment being rendered against it only in certain classes of cases, brought within a prescribed period after the cause of action accrued, a judgment in the Court of Claims for the amount of a claim which the record or evidence shows to be barred by the statute, would be erroneous.

I cannot see, therefore, how rules of tolling a statute of limitations can properly be applied to toll a jurisdictional time bar.

*Estoppel—Agreement by Parties—Waiver*

The word "tolling" was never mentioned below. Neither the word nor the concept appears anywhere in the presentation made by either side to the trial court or in that court's opinion. The sole argument made below concerning the conduct of the Customs Service was that it estopped the Government. The trial court denied that argument, quoting our holding in *Air-Sea Brokers, Inc. v. United States*, 66 CCPA 64, 68, C.A.D. 1222, 596 F.2d 1008, 1011 (1979):

[W]e hold that equitable estoppel, even if available in cases involving the Government in its proprietary capacity, is not available against the Government in cases involving the collection or refund of duties on imports. [Footnote omitted]

496 F.Supp. at 1326.

Though our opinion says the Government is not estopped, 657 F.2d at 1219 n. 12, and

cites *Air-Sea*, it achieves the same result under a tolling rubric. I cannot reconcile the established law that actions of the Customs Service cannot estop the Government from relying on jurisdictional statutes with a holding that those same actions can "toll" those jurisdictional statutes and thus prevent the Government from relying on them.

Numerous statements in the opinion are couched in estoppel parlance. For example, there is reference to informal meetings wherein Customs employees told AEL it would have 90 days to file a formal protest after denial of its petition for remission of duties, if the petition were denied; there is the implication of some duty on Customs in the notations that AEL was not "advised" that a formal protest should have been filed within 90 days after liquidation, that the time had expired, and that a protest was untimely; there are the statements that this is a case "where the party seeking relief has relied upon Customs officials for guidance," that "the filing of the petition and supplemental petition and their consideration appear to have been in the utmost good faith of both AEL and the Customs Service," and that "both parties consistently and in good faith treated the letters from AEL as a valid petition for remission ('cancellation') in all of their dealings, and the formal protest of September 27, 1977, was treated as a timely protest by both parties [Footnote omitted]." [2]

Implicit in the emphasis upon the parties' actions on the *petition*, as the basis for reversing a dismissal for lack of jurisdiction over a challenge to *liquidation*, is the view that the parties here conferred jurisdiction on the court. The notion that conduct of the parties, however sloppy or misguided, can confer jurisdiction in a suit against the Government is, however, simply not the law, for it is well-settled that the parties cannot do so. As stated in *United States v. Boe*, 64 CCPA at 20, 543 F.2d at 158:

However sincere and well-intentioned may be the judge, an attempt, by any

court, to exercise a non-existent jurisdiction is an exceptional circumstance of import most grave. Such an attempt tends to chip away at that particular foundation stone in our constitutional scheme described as the separation of powers. As above indicated, courts are, in a sense, chartered institutions, operating under authority granted by the representatives of the people. Lawfully conferred jurisdiction is essential. Jurisdiction cannot be presumed, *Smith v. McCullough*, 270 U.S. 456 [46 S.Ct. 338, 70 L.Ed. 682] (1926); *Hanford v. Davies*, 163 U.S. 273 [16 S.Ct. 1051, 41 L.Ed. 157] (1896), or enlarged or conferred by agreement of the parties, *Mitchell v. Maurer*, 293 U.S. 237 [55 S.Ct. 162, 79 L.Ed. 338] (1934); *S. Stern & Co. v. United States*, 51 CCPA 15, C.A.D. 830, 331 F.2d 310 (1963), *cert. denied*, 377 U.S. 909 [84 S.Ct. 1169, 12 L.Ed.2d 179] (1964), or by the court itself, *United States v. Torch Manufacturing Co., Inc.*, 62 CCPA 41, C.A.D. 1143, 509 F.2d 1187 (1975). A court's attempted exercise of power clearly beyond its charter violates its very *raison d'etre*. Restraint is required.

In *Akeroyd v. United States*, 19 CCPA at 258, this court said: "Congress has never conferred upon the lower court jurisdiction of a case where the protest is filed too late, and has not, either expressly or by implication, conferred authority upon any of the officers of the Government to waive the limitation imposed by the statute." That statement, in my view, is so diametrically opposed to what was done by the full court in this case as to impel a rehearing, including a rebriefing and reargument.

### Finality of Liquidation

AEL argued below that the proper time for filing a protest is 90 days after the final decision on its application for remission of duties, rather than 90 days after liquidation. The trial court rejected that argument, finding that the time for filing a

---

2. In the order filed this date, n. 10.5, the court continues to rely on the conduct of the parties as controlling.

protest is 90 days after liquidation, 496 F.Supp. at 1324, and we agreed, 657 F.2d at 1217. Nonetheless, we indicated that "there appears to be no reason why, in a case where an application [for remission] has been followed by a liquidation, a petition for review of denial of the application ... cannot be considered under 19 CFR 4.14(k) ...." 657 F.2d at 1218. I would agree that such a petition can be considered, and the Secretary might recede in response thereto. My difficulty resides in finding relevance of such consideration to the requirement that a timely protest to the liquidation be filed before the court shall have jurisdiction over a challenge to the liquidation.

Implicated here is the significance of liquidation, long honored in customs procedure as the final reckoning of an importer's liability on an entry. It is defined as "the final computation or ascertainment of the duties or drawback accruing on an entry." 19 CFR 159.1. The decision on liquidation is final and conclusive upon all parties unless a protest is filed within 90 days after notice thereof. 19 U.S.C. § 1514 (1976). The statute contemplates that both the legality and correctness of a liquidation be determined via the protest procedure, and any challenge to the propriety of a liquidation (not specifically excepted) must be through the statute. *United States v. Deringer, Inc.*, 66 CCPA 50, 55, C.A.D. 1220, 593 F.2d 1015, 1020 (1979).

The cardinal rule of administrative review is stated in 1 Feller, U.S. Customs and International Trade Guide § 4.03[1] (1981): "Once the administrative decision represented by a liquidation is made, *the importer must file such a protest in order to secure further administrative review,* as well as to preserve his right to judicial review [Emphasis added; footnote omitted]." That rule follows from 28 U.S.C. § 1582(c) (1976), providing that the Customs Court shall not have jurisdiction of an action unless a protest has been filed and denied in accordance with 19 U.S.C. §§ 1514, 1515 (1976).[3]

The statutory sequence is thus: liquidation—protest within 90 days—administrative review—court review. The application of tolling in this case reorders that sequence, making it read: liquidation—administrative review for more than 90 days—protest—administrative review—court review. The absence of statutory authority for that reordered sequence compels my conclusion that the case should be rebriefed and reargued and that our original decision was erroneous.

The policy ramifications present here further argue for rebriefing and reargument. One such policy consideration is the risk that either the 90-day statutory period governing jurisdiction will become meaningless, or the Customs Service will be precluded from considering petitions for cancellation after liquidation. If all an importer need do is to write letters of petition to Customs after liquidation, the 90-day period would begin only after Customs firmly denied the last such petition. The only way to preserve the statutes governing jurisdiction under such circumstances would be to forbid all contact between Customs and importers after liquidation, or, what would be the same thing, for Customs to return unopened all petitions filed after liquidation.

### Rules of Review

A "governing principle" of appellate review is that "a party is not entitled to claim that the court below erred in deciding a case when the basis for the assertion of error was not called to that court's attention so as to give that court an opportunity to avoid the alleged mistake [Footnote omitted]." R. Stern, Appellate Practice in the United States § 2.1, at 37 (1981). As above indicated, AEL never raised a tolling argument below. It argued, and the trial

---

**3.** The rule is consistent with the pertinent regulations governing an application for remission. *See* 19 CFR 4.14(e), which reads in pertinent part: "Inasmuch as an unprotested liquidation insofar as it relates to the classification of items under [19 USC 1466(a) (1976)] is final at the expiration of 90 days, a subsequent application in regard to such classification cannot be considered in the absence of a timely protest."

court found, that its letter to Customs dated November 5, 1975, constituted a valid, timely-filed protest against the liquidation of October 24, 1975. 496 F.Supp. at 1325–26. On appeal, AEL agreed with that finding, but argued that the running of the 180-day statutory period for filing a summons under 28 U.S.C. § 2631(a) (1976) should be tolled.

This court embarked on a new tolling theory, aimed not at the 180-day period for filing a summons but at the 90-day period for filing a protest to liquidation. We viewed the November 5, 1975 letter as the beginning of tolling, and the formal protest of September 27, 1977, as a valid, timely-filed protest in this case. 657 F.2d at 1218–19. A rebriefing and reargument could clarify the treatment to be given the unchallenged finding that the November 5, 1975 letter constituted a protest and the effect of that finding on the 180-day period for filing a summons.[4]

### Conclusion

In our original opinion, we: (1) overlooked that the statutory 90-day period for filing a protest after liquidation is a jurisdictional provision, not merely a statute of limitations; (2) erected a structural conflict in the law, under which Government cannot be estopped from relying on a jurisdictional statute, and cannot confer jurisdiction or waive requirements therefor, but the actions of Government officials can "toll" a jurisdictional time requirement; (3) diminished or destroyed the significance of liquidation by recognizing a period of administrative review for more than 90 days after liquidation and before protest, contrary to established customs procedure; and (4) departed from established rules of appellate review.

I would grant a full rehearing.

---

4. As I now view the case, whether the November 5, 1975 letter constituted a valid, timely-filed protest cannot control the ultimate jurisdiction question here. If it was a protest, then the lower court would appear to have correctly held that AEL failed to file a summons within the statutorily-prescribed 180-day period after denial of its protest. 28 U.S.C. § 2631(a) (1976). If it was not a protest, then AEL failed to file a protest within the statutorily-prescribed 90-day period after liquidation. Either way, the Court of International Trade and this court would appear to lack jurisdiction over this case under the statutes, and the tolling of a jurisdictional statute would appear to constitute a self-creation of jurisdiction.