**Vera Arlene FERGUSON, Plaintiff and Appellant,**

v.

**Lowell Gene FERGUSON, Defendant and Respondent.**

**No. 15231.**

Supreme Court of Utah.

April 18, 1978.

Harold G. Christensen, Dee V. Benson, of Snow, Christensen & Martineau, Salt Lake City, for plaintiff and appellant.

Roger D. Sandack of Sandack & Sandack, Salt Lake City, for defendant and respondent.

ELLETT, Chief Justice:

This appeal is from a ruling on an order to show cause why a divorce decree should not be amended to provide continued support for an adult child and for an attorney's fee.

There is no disputed factual issue involved. The parties were married on April 3, 1958, and were divorced on January 24, 1969. Mrs. Ferguson was awarded the custody of the three minor children. The decree was subsequently modified to provide for an increased monthly allowance as child support.

The present matter was brought before the trial court on an order to show cause why child support should not be continued for the oldest child, a girl, who has passed her eighteenth birthday.

At the time of the divorce decree, a girl reached her majority at age eighteen[1] and the legal duty to support her ceased unless there were conditions which might cause her to be a county charge.[2] In 1975, the statute was amended to provide that both males and females became adults at age eighteen.[3] The question of the age of majority for a girl was firmly decided in the case of *Stanton v. Stanton.*[4]

 Mrs. Ferguson relies on U.C.A., 1953, 15–2–1, as amended, to secure continued child support for the adult daughter. That statute reads:

> The period of minority extends in males and females to the age of eighteen years; but all minors obtain their majority by marriage. *It is further provided that courts in divorce actions may order support to age 21.* [Emphasis added]

It is to be noted that the statute says the court "may" order support to age 21, meaning it is enabled to exercise its *discretion.*

The trial court in the instant matter did not order support beyond the age of eighteen, and the evidence supports his refusal to order continued support. At the time of the hearing, the girl was a senior in high school. She was working five hours per day, four days a week and seven hours on weekends, depending on her schedule. She testified that she earned $2.50 per hour and worked twenty hours per week or more. She paid nothing to her mother, the appellant herein, for board or room. She indicated a desire to attend the university here for four to six years.

Ordinarily a parent will be more than willing to aid and assist an adult child in securing a college education; however, one should not be compelled to do so by court order, except perhaps in some unusual circumstance, not present here. If he does not have the interests of his children at heart, that is and should be a matter of his own conscience and not of the court's.

The judgment is affirmed. No costs are awarded.

CROCKETT, WILKINS and HALL, JJ., concur.

MAUGHAN, J., concurs in the result.

1. U.C.A., 1953, 15–2–1.

2. U.C.A., 1953, 17–14–1.

3. Laws of Utah, 1975, Chap. 39, sec. 1.

4. 30 Utah 2d 315, 517 P.2d 1010 (1974); Utah, 552 P.2d 112 (1976); Utah, 564 P.2d 303 (1977); Utah, 567 P.2d 625 (1977).