Kathleen Marie CARLSON, Plaintiff and Respondent,

v.

Albert Kendall CARLSON, Defendant and Appellant.

No. 14932.

Supreme Court of Utah.

Sept. 8, 1978.

Lauren N. Beasley, Salt Lake City, for defendant and appellant.

Ronald C. Barker and Melvin G. Larew, Jr., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

The controversy here involved relates to those aspects of an order modifying a divorce decree which increased from $75 per month to $87.50 per month defendant's obligation of supporting his four children, Teresa (April 3, 1958), Shane (March 1, 1963), Andrea (October 13, 1964), and Amy (November 14, 1967), and further, that this obligation continue beyond the age of 18 years, until they reach the age of 21, upon these conditions so long as they (a) continue to reside with plaintiff in the home, (b) remain unmarried, (c) remain otherwise unemancipated, and (d) maintain enrollment as a full-time college student.

In view of the fact that the defendant's attack upon the trial court's order is limited to the two issues as discussed herein, it is

unnecessary to detail the facts concerning the situation of the parties, and the difficulties which have existed, and some of which appear to continue to exist between them, except as mentioned below. The divorce was granted in 1973, at which time the plaintiff was unemployed and the defendant had an income of $18,000 plus per year. At the time of this supplemental proceeding in 1976, the defendant's income had not diminished, but plaintiff had become employed and was earning $500 plus per month.

■ The main contention of the defendant is that he should not be compelled to support the children beyond the age of 18. We are in accord with his citation of the time-honored and universally recognized rule that when a child reaches the age of majority, the child becomes emancipated and the legal obligation of the parents to support the child and the reciprocal legal obligations of the child to the family, terminate.[1] Prior to 1975, our statute set that age at 21 for males and 18 for females. In that year, in order to make our law apply equally to both sexes,[2] the legislature amended the statute to make 18 the age of majority for both sexes.[3] Sec. 15–2–1, U.C.A., 1953, now provides that:

The period of minority extends in males and females to the age of eighteen years; but all minors obtain their majority by marriage. It is further provided that courts in divorce actions may order support to age 21.

■ From the wording of that statute it could hardly be made plainer that the authority to extend the obligation of a parent to support his child beyond the age of 18 is discretionary. We see this as a wise and proper legislative recognition of the fact that, though children attain their majority and thus become emancipated at 18, there may nevertheless be unusual circumstances where the court would be justified in placing that additional burden on the parents.[4] However, it is to be kept in mind that any discretionary power is not absolute, but must be exercised with reason and good conscience upon a foundation of facts so justifying.[5]

On the basis of the above-quoted statute and of well-established decisional law, it is obvious that there must be some difference between the obligation of parents to their children before they reach their majority and after that event. The facts are commonly known that a large percentage of our people do not regard a college education as any absolute essential to living and do not attend college; and that even less ever graduate therefrom. Further harmonizing with the views expressed herein is the fact that the public policy of our state relating to the requirement that children attend school until the age of 18[6] correlates with the age at which children are emancipated and attain their majority as provided in Section 15–2–1 above referred to.

■ In the case of *Ferguson v. Ferguson* this court has but recently had occasion to declare that a parent's obligation to support his child normally terminates when the child attains his or her majority.[7] We here reiterate the thought there expressed: that a parent will normally be quite willing to assist an adult child in furthering his educa-

1. 27B C.J.S., Divorce, § 323e; *Englert v. Englert*, Utah, 576 P.2d 1274 (1978); *Genda v. Superior Court*, 103 Ariz. 240, 439 P.2d 811 (1968); *Jungjohann v. Jungjohann*, 213 Kan. 329, 516 P.2d 904 (1973); *Baker v. Baker*, 80 Wash.2d 736, 498 P.2d 315 (1972).

2. See the cases of *Stanton v. Stanton*, 30 Utah 2d 315, 517 P.2d 1010, 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688; and Utah, 552 P.2d 112, 429 U.S. 501, 97 S.Ct. 717, 50 L.Ed.2d 723.

3. S.L.U., 1975, Ch. 39, Sec. 1.

4. We reaffirm without reservation our agreement with the case of *Dehm v. Dehm*, Utah, 545 P.2d 525 (1976) which recognized the discretionary power of the court to order support, even beyond the age of majority, where some handicap or disability may exist.

5. *Davis v. Riley*, 20 Utah 2d 325, 437 P.2d 453 (1968); *Carman v. Slavens*, Utah, 546 P.2d 601 (1976).

6. See 53–24–1, U.C.A., 1953.

7. Utah, 578 P.2d 1274 (1978).

tion, but should not be compelled to do so except in unusual circumstances.

■ The significant and controlling proposition here is that a search of the findings of the trial court fails to disclose any finding of any special or unusual circumstances which would justify the order compelling the defendant to support the children · beyond the age of 18, when they attain the age of majority and are thus emancipated. In the absence of such a finding, the order cannot properly stand.

■ The defendant also complains that the order denies him visiting rights with his children. In that regard we make the following observations: the first and most important one is that there is similarly no finding of fact upon which to justify the denial of such visiting rights. We so state advisedly in awareness that there was some evidence relating to that subject, and the trial court manifested concern about it, including talking to the children. On that subject we think it appropriate to further state that it seems somewhat unusual and perhaps unduly severe that the defendant is not afforded some opportunity of visiting with his children. Further, that considerable time has elapsed since the animosities developed which may have justified that order; and that in the natural course of events, they may have subsided sufficiently to warrant some modification of the prohibition against visiting rights.

In view of the fact that under our law the court has continuing jurisdiction to deal with problems relating to the support and custody of children,[8] on remand, if the parties so desire, and upon proper invocation of the court's attention thereto, it should allow the presentation of evidence by both sides and make a finding one way or the other on both of the disputed issues discussed herein.

The order is vacated and the case remanded for such further proceedings as may be deemed necessary, consistent with this opinion. The parties to bear their own costs.

ELLETT, C. J., and HALL, J., concur.

WILKINS, Justice (Dissenting):

I respectfully dissent.

All statutory references are to the Utah Code Ann., 1953, as amended unless otherwise indicated.

This is a post divorce action tried before the District Court, Salt Lake County, sitting without a jury, wherein both plaintiff and defendant sought to modify the decree of divorce between the parties entered on March 16, 1973, as well as subsequent orders of the Court.

A hearing in this action was held on June 14, 1976, and the order thereon was signed by the Court on September 8, 1976, after which defendant made a motion for a new trial, or in the alternative, to amend the order made on September 8, 1976. The Court, after a hearing, denied this motion and defendant appealed.

The defendant claims error by the Court below when it (1) denied him visitation rights with the four children of the parties; (2) ordered support payments for the four children, the oldest one of whom has reached her eighteenth birthday, to continue to age twenty-one; (3) allowed an increase in support each month from $75.00 per child to $87.50; (4) denied his request for termination of alimony; and (5) awarded attorney's fees to plaintiff. I shall discuss or note these points in the order listed and additional facts will be recited in the points to which they are relevant.

Concerning visitation rights, defendant's claimed error is without merit because the Court made an order on September 20, 1974, pursuant to *stipulation*, which states, inter alia, " . . . until . . . further order on visitation is made, the defendant is restrained from visiting or contacting the minor children of the parties . . ". Defendant, in this action, seeks a further modification of the modified decree of September 20, 1974, which denied visitation rights. He cannot now prevail without showing a material or substantial change in

8. Sec. 30–3–5, U.C.A., 1953.

circumstances.[1] And no such change is shown by the evidence presented at the hearing held on June 14, 1976.

The next point of error defendant claims pertains to the Court's increasing support payments of the parties' children from age eighteen to age twenty-one. The Court, in ordering this matter, mandated that the following conditions must be met by each child:

a. Said child resides with plaintiff in the home, and

b. Said child remains unmarried, and

c. Said child remains otherwise unemancipated, and

d. Said child maintains an enrollment as a full-time college student carrying at least 15 credit hours of instruction for at least three (3) full quarters of each calendar year.

The Utah Legislature in 1975 amended Sec. 15-2-1 in order to make the age of majority the same for males and females, viz., eighteen years (the prior age for majority for males and females being twenty-one and eighteen years, respectively). The amended statute now reads:

The period of minority extends in males and females to the age of eighteen years; but all minors obtain their majority by marriage. It is further provided that courts in divorce actions may order support to age 21.

The last sentence above was added afresh in the amendment.

Three categories of age present themselves in which support for children may be authorized by law,[2] viz., when children are (a) less than eighteen years, (b) between eighteen and twenty-one years, and (c) of any age, if incapacitated and without sufficient means.[3]

It is, of course, of focus on the second category that is required in this matter. In *Ferguson v. Ferguson*, Utah, 578 P.2d 1274 (1978), this Court affirmed the order of the District Court which refused to order the support of a child over eighteen years of age. Under the facts of that case, we held that the District Court did not abuse its discretion in ruling as it did. Other language therein about the Court's not compelling a parent, except in unusual circumstances, to aid in the support of a child (over eighteen) in securing a college education is dictum and should not, in my opinion, be followed here.

In this matter, I believe the Court did not abuse its discretion in ordering support under the conditions specified. I do not by this comment wish to imply or suggest that the conditions imposed in this case by the District Judge are the only type which should fall within the perimeters of discretion that a trial judge may exercise. Facts and circumstances of particular cases must, of course, in equity matters, " . . . be permitted to control the chancellor's conclusions".[4]

I believe other claimed errors by defendant identified as points 3, 4, and 5 in the fourth paragraph, ante, are without merit as a review of the record discloses that there is sufficiency of evidence concerning these matters to uphold the Court's findings and rulings.

Because of the reasons noted ante, I believe the judgment should be affirmed.

1. *Owen v. Owen*, Utah, 579 P.2d 911, 912 (1978).

2. See Sec. 30-3-5, which states: "When a decree of divorce is made, the court may make such orders in relation to the children . . . and the maintenance of . . . children, as may be equitable. The court shall have continuing jurisdiction to make such subsequent changes or new orders with respect to . . . the custody of the children and their support and maintenance . . . ." Also see Sec. 15-2-1, supra, as well as Sec. 78-45-2(4), which states: " 'Child' means a son or daughter under the age of twenty-one years and a son or daughter of whatever age who is incapacitated from earning a living and without sufficient means."

3. In *Dehm v. Dehm*, Utah, 545 P.2d 525, this Court clearly acknowledged the right of the District Court of this State to order support for incapacitated children of any age, without sufficient means.

4. *Anderson v. Anderson*, 104 Utah 104, 138 P.2d 252 (1943) quoting *Steed v. Steed*, 54 Utah 244, 181 P. 445, 447 (1919).

MAUGHAN, J., concurs in the views expressed in the dissenting opinion of WILKINS, J.