Sherry HARRIS, Plaintiff and Respondent,

v.

Ballard L. HARRIS, Defendant and Appellant.

No. 15797.

Supreme Court of Utah.

Sept. 22, 1978.

Pete N. Vlahos, Ogden, for defendant and appellant.

I. Gordon Huggins, Ogden, for plaintiff and respondent.

ELLETT, Chief Justice:

Defendant appeals from a ruling on an order amending a divorce decree to provide additional and continued support for his children until they reach 21 or otherwise become self-supporting, modifying defendant's rights of visitation, and for an attorney's fee.

The parties were married on June 5, 1958, and divorced September 16, 1970. In the decree of divorce, the court awarded Mrs. Harris custody of three minor children and ordered Mr. Harris to pay her $60 per month as support for each child, which order he faithfully observed.

Mrs. Harris instituted the present action to modify the divorce decree to increase the children's support payments and to ensure payment of support to the eldest child who turned eighteen years of age. Upon hearing the matter, the trial court found a sufficient change in circumstances to increase the support to $75 per month per child for the parties' three children and ordered the child support to be continued until the children each reach 21 or until they become employed and self-sufficient, defining self-sufficiency as earning the U.S. minimum wage. On appeal, defendant, Mr. Harris, challenges only that part of the trial court's order pertaining to continuance of support for the children to age 21 or until employed and self-sufficient.

At the time of the court's order in the present matter, the Harris' oldest child was 18 years old and enrolled in college on a full-time basis. Under Utah Code Annotated, Sec. 15–2–1 (1953), as amended the trial court has discretion in deciding whether or not to order support to continue after age 18:

> The period of minority extends in males and females to the age of eighteen years; but all minors obtain their majority by marriage. *It is further provided that courts in divorce actions may order support to age 21.* [Emphasis added.]

See also *Ferguson v. Ferguson*, 578 P.2d 1274 (Utah 1978), wherein we stated that unusual circumstances would justify continuance of child support to age 21, rather than to the age of majority which is 18.[1]

Defendant's first claim on appeal is that he was denied equal protection of law as guaranteed to him under the Fourteenth Amendment of the United States Constitution in that the court order requires him to support his children to age 21 when other parents are only obligated to provide such support to age 18, (with the exception of parents of adult children who are mentally or physically incapable of caring for themselves[2]). The only case cited by Mr. Harris which lends any direct support to his thesis is *Childers v. Childers*, 15 Wash.App. 792, 552 P.2d 83 (1976), wherein that court decided that a divorced parent's equal protection rights were violated for having to pay support for his dependent children irrespective of their age. Two factors distinguish the *Childers* case from the present one before us: (1) the Washington support statute differs significantly from that of Utah in that Washington provides no upwards age limit to check the court's discretion in ordering support, and (2) we do not find persuasive the Washington court's argument that no rational basis exists for distinguishing between adult children of divorced parents and adult children of married persons for purposes of support to age 21. In a divorce action, the courts are already injected into the affairs of the family in determining the needs of the children and parents, and the parents' ability to provide between themselves for the needs of all. The courts need flexibility in re-arranging the obligations as new needs arise; and the purpose of Utah Code Annotated, 1953, Sec. 15–2–1 is to give the courts latitude in determining whether exigent circumstances exist which necessitate further support of dependent children rather than allowing them to become dependent on the State.

Mr. Harris also contends that because his divorce decree came at a time when Utah's former age of majority statute was in effect,[3] the court is without jurisdic-

---

1. *Stanton v. Stanton*, 30 Utah 2d 315, 517 P.2d 1010 (1974); reversed: 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975); on remand, 552 P.2d 112 (Utah 1976); 419 U.S. 893, 95 S.Ct. 170, 42 L.Ed.2d 137 (1974); on remand, 564 P.2d 303 (Utah 1977) 567 P.2d 625 (Utah 1977).

2. *Dehm v. Dehm*, 545 P.2d 525 (Utah 1976).

3. Utah Code Annotated, 1953, Sec. 15–2–1 before being amended in 1975 read as follows:
   The period of minority extends in males to the age of 21 years and in females to that of

tion to apply the amended statute to extend support to his daughter after she reached 18. His argument overlooks Utah Code Annotated, Sec. 30–3–5 (1953), as amended, which provides for continuing jurisdiction of a court in a divorce proceeding.

.   .   . When a decree of divorce is made, the court may make such orders in relation to the children, property and parties, and the maintenance of the parties and children, as may be equitable. The court shall have continuing jurisdiction to make such subsequent changes or new orders with respect to the support and maintenance of the parties, the custody of the children and their support and maintenance, or the distribution of the property as shall be reasonable and necessary. Visitation rights of parents, grandparents and other relatives shall take into consideration the welfare of the child.

Mr. Harris' final argument is that the trial court mistakenly determined that the period of minority is 21 years under Sec. 15–2–1.

■ It is immaterial what the judge *thought* about the age of majority of children. The statute clearly states that it is 18 years. What is important is that the court has power to order continued support until age 21 when it appears to be necessary and when the court makes findings of any special or unusual circumstances to justify the order.[4]

■ In the instant matter the court made no findings of any special or unusual circumstances to justify continued support after age 18, but based his order solely upon his belief that in this case the children do not obtain majority until age 21.

The order made is reversed and the case remanded for a determination of whether or not circumstances are such as to justify a further order of support to the 18 year old daughter.

CROCKETT and HALL, JJ., concur.

MAUGHAN and WILKINS, JJ., concur in the result.

18 years; but all minors obtain their majority by marriage.

4. *Carlson v. Carlson*, Utah, 584 P.2d 864, (1978).