Margaret FLETCHER, Plaintiff and Respondent,

v.

William I. FLETCHER, Defendant and Appellant.

No. 16407.

Supreme Court of Utah.

July 18, 1980.

---

Lyle W. Hillyard of Hillyard, Low & Anderson, Logan, for defendant and appellant.

B. L. Dart of Dart & Stegall, Salt Lake City, Bruce L. Jorgensen of Olson, Hoggan & Sorenson, Logan, for plaintiff and respondent.

MAUGHAN, Justice:

Defendant-husband appeals the distribution of property and custodial arrangements for the minor children in a decree of divorce. The judgment of the trial court is affirmed. Costs to plaintiff. All statutory references are to Utah Code Annotated, 1953.

The parties were married in June 1961; they are the parents of six children, who at the time the decree was entered in March 1979, were the ages of 16, 15, 14, 8, 7 and 4. Defendant was awarded custody of the three older children and plaintiff was given custody of the three younger ones.

At the time of marriage defendant had completed two years of college, and plaintiff was a graduate nurse. During the course of the marriage defendant has

earned bachelor's and master's degrees as well as taking additional classes in his specialty. At the time of trial, he was a tenured associate professor of electrical engineering at a state university, with a gross salary of $28,426, exclusive of fringe benefits. In addition, defendant was a principal shareholder in a close corporation engaged in rendering professional services in his field. In 1978, defendant received approximately $13,275 in wages and $7,500 in loans from this corporation.

Plaintiff, throughout the marriage, has worked as necessary to supplement the family income, assist in funding her husband's education, or to provide a down payment on the family's real property. At the time of trial, plaintiff was employed halftime as a nurse and her net earnings per month were approximately $613.

In the distribution of the assets, plaintiff was awarded the equity in the family home, her automobile, some of the home furnishings, and her personal belongings. The court found the value of this property to be $31,200. Plaintiff was required to assume and discharge a mortgage in the sum of $29,208 on the home. Plaintiff was awarded alimony in the sum of $300 per month for a period of 162 months, with the provision the alimony would terminate on her remarriage or defendant's death. Plaintiff was further awarded child support in the amount of $150 per month per child and $5,000 to apply towards her attorney's fees.

Defendant was awarded assets, which the trial court found had the value of $63,126. These assets included a parcel of unimproved land, a new home, his automobile, certain items of household furniture, his gun collection and certain other items of personal property, the current value of his equity in a retirement fund and other investments.

The trial of this case extended over a period of four days, a considerable period of this time was directed to the issue of custody of the six children. The plaintiff's evidence indicated a calculated course of conduct on the part of defendant to alienate the children from her and to inculcate feelings of animosity and contempt for her. Defendant denied this charge and claimed that as the marital relationship had disintegrated plaintiff had withdrawn from involvement with the family, and defendant had merely attempted to fill the vacuum so that the family could continue functioning as an integrated unit.

The trial court found plaintiff had incurred the disrespect of the children by reason of defendant's actions. Defendant had either intentionally or unwittingly involved the three older children in the custody dispute between the parties; so the children's loyalty to defendant had resulted in their rejection of plaintiff. However, neither parent was found unfit. The trial court recited its adherence to the standard of "the best interests of the child" in resolving the custodial issues. In its findings, the trial court contrasted the characters of the parties and found plaintiff a better example of honesty, morality, courtesy, and unselfishness. Defendant was found to have established better communication with the children, but plaintiff's withdrawal was attributed to the emotional distress precipitated by defendant. The trial court acknowledged and rejected the recommendation of the social worker that the children should remain together, and, because of the alienation of the older children towards their mother, the custody of the children should be given to the father. The trial court expressed the view the social worker had not considered the long range effect in making the recommendation, and the court questioned whether defendant could, in fact, devote sufficient time to six children and still meet the demands of his profession. The two younger daughters were found to be well adjusted in their present environment. Based on the foregoing factors, the older children were awarded to defendant and the younger children to plaintiff, subject to reasonable visitation rights in the non-custodial parent. However, the court provided the visitation must

be arranged by the mutual consent of the parties two weeks in advance.

■ In a divorce case, even though the proceedings are equitable and this Court may review the evidence,[1] this Court accords considerable deference to the findings and judgment of the trial court due to its advantageous position. On appeal this Court will not disturb the action of the trial court unless the evidence clearly preponderates to the contrary, or the trial court has abused its discretion, or misapplied principles of law.[2] In application of these precepts to the record herein there is no basis to interfere with the decision of the trial court.

### DISTRIBUTION OF ASSETS

■ There is no fixed formula upon which to determine a division of properties, it is a prerogative of the court to make whatever disposition of property as it deems fair, equitable, and necessary for the protection and welfare of the parties.[3] In the division of marital property, the trial judge has wide discretion, and his findings will not be disturbed unless the record indicates an abuse thereof.[4]

Defendant contends the trial court erred in including as part of the marital assets subject to division certain investments identified as SNI funds. These funds were awarded to defendant, and the sum of $6,000 for these investments was included in the calculation of defendant's total award. Defendant characterized these as educational funds for the three older children, and claims he should be deemed as a mere trustee to manage the funds for his minor children.

■ These funds were held solely in defendant's name, and he received certain tax benefits incidental thereto. He made no attempt to transfer them to the children under the uniform gifts to minors provisions of Section 75-5-601, et seq. His testimony indicated no more than an intention in the future to use the funds for the children. He retained exclusive dominion and controll over them. He merely indicated he would have no objection if the court ordered him to place them in trust for the benefit of the children. A court may not, under a decree of divorce, unless a child has an incapacity or disability, order the transfer of the property of either parent to the children for the purpose of creating an estate for their permanent benefit.[5]

■ Defendant further objects to the valuation of his presently vested interest in certain retirement funds. The valuation of $16,939 as the current fair market value was presented by a witness called by defendant. There was no other evidence adduced as to value. The theory urged by defendant was not presented to the trial court and must be deemed untimely when it is first claimed on appeal.

■ Defendant contends his equity in a home he purchased subsequent to plaintiff's filing for divorce should not have been considered a marital asset subject to division. Such an argument is contrary to the specific provisions of Section 30-3-5, U.C.A., 1953, and the rulings of this court in accordance therewith. The marital estate is evaluated according to the existing prop-

1. Article VIII, Sec. 9, Constitution of Utah.

2. *Eastman v. Eastman*, Utah, 558 P.2d 514 (1976); *Watson v. Watson*, Utah, 561 P.2d 1072 (1977); *Pope v. Pope*, Utah, 589 P.2d 752 (1978).

3. *Pearson v. Pearson*, Utah, 561 P.2d 1080 (1977); *Hamilton v. Hamilton*, Utah, 562 P.2d 235 (1977); *Naylor v. Naylor*, Utah, 563 P.2d 184 (1977); *Gramme v. Gramme*, Utah, 587 P.2d 144 (1978).

4. *Jesperson v. Jesperson*, Utah, 610 P.2d 326 (1980).

5. *English v. English*, Utah, 565 P.2d 409, 412 (1977).

erty interests at the time the marriage is terminated by the decree of the court.[6]

Defendant argues the division of the marital property was inequitable by reason of the trial court's failure to give sufficient weight and consideration to the liabilities. During the pendency of these proceedings defendant purchased a home for $90,000, his equity therein was found by the trial court to be $6,500, which was awarded to him. By taking this liability and the total sum he may potentially pay as alimony, defendant calculates the net value distributed to him will be in a negative amount, while the net value awarded to plaintiff will be $50,624. (This amount is derived by adding $31,232 of assets awarded to plaintiff to $48,600 alimony and subtracting the mortgage of $29,208 on the home awarded to plaintiff.) Defendant urges a more equitable division would apportion the marital debts pro rata.

 Significantly, defendant has not specifically claimed the trial court abused its discretion in the division of the marital assets, and such a claim could not be sustained by the records. Furthermore, the award of alimony should not be included as a marital asset which was distributed at the time of divorce. As this Court observed in *English v. English*,[7] there is a distinction between the division of assets accumulated during marriage, which are distributed upon an equitable basis, and the post marital duty of support and maintenance. The function of alimony is to provide support for the wife as nearly as possible at the standard of living she enjoyed during marriage and to prevent the wife from becoming a public charge. Criteria considered in determining a reasonable award of support include the financial conditions and needs of the wife, the ability of the wife to produce a sufficient income for herself, and the ability of the husband to provide support.[8]

The trial court distributed approximately one-third of the marital assets to plaintiff and two-thirds to defendant. In its findings the trial court stated:

"The Court finds that in lieu of ordering a cash settlement with a lien on the Defendant's property to equalize the property settlement, it is reasonable to award the Plaintiff alimony in the sum of $300.00 per month for 162 months, . . . provided, however, that said alimony is to terminate upon either Defendant's death or plaintiff's remarriage."

The Court further found such an award resulted in a lower figure than would be the case if a cash settlement for the difference were imposed to be repaid at $300.00 per month at eight percent interest, but the Court also took into consideration the court costs and attorney's fees the defendant must pay.

 The alimony awarded in this action cannot be deemed in the nature of a property settlement, for it is not a sum certain but is terminable on certain contingencies. The record in the case will sustain the alimony award as an appropriate sum for support and maintenance. Plaintiff introduced into evidence a budget indicating family needs. (She had excluded the costs of real property taxes and insurance because she was unfamiliar with specific amounts.) Her income was limited by part-time employment so she might give adequate care and nurturing to the three younger children, ranging in age from four to eight. Defendant had sufficient income to provide support. The record sustains trial court's finding that the sum awarded for alimony was reasonable.[9]

 In continuation of his fallacious contention that there must be an equaliza-

---

6. *Hamilton v. Hamilton*, Utah, 562 P.2d 235 (1977); *Jesperson v. Jesperson*, Utah, 610 P.2d 326 (1980).

7. Note 5 supra, at pp. 411–412 of 565 P.2d.

8. Also see *Gramme v. Gramme*, Utah, 587 P.2d 144 (1978).

9. As explained in *Jesperson v. Jesperson*, note 6 supra, 610 P.2d 326, 328, this court is inclined to affirm a trial court's decision whenever it can be done on proper grounds, even though the trial court may have assigned an incorrect reason for its ruling.

tion of the assets, defendant argues each party should pay his own attorney's fees. This argument is without merit. As noted, ante, the trial court had conferred a more favorable adjustment of resources in consideration of defendant's obligation to pay attorney's fees. Plaintiff has urged she be awarded attorney's fees expended in defending this appeal. However, in addition to the question as to which party prevailed on appeal, there are a number of factors to be considered in determining whether attorney's fees should be awarded. Accordingly, as to that issue, this case is remanded to the trial court to determine whether an award of attorney's fees should be made, and if so, the amount thereof.[10]

## CUSTODIAL ARRANGEMENT AND CHILD SUPPORT

Defendant contends it would have been in the best interest of the children to award the custody of all the children to him. As noted ante, the trial court made extensive findings of fact concerning the custody of the children and utilized as the standard in making its determination, the best interests of the children. Since the older children had exhibited such a deep antagonism towards their mother, she expressed concern about compelling them to live with her. Defendant, whom the trial court found to have intentionally or unwittingly contributed to the alienation of the older children, now urges he is the only parent capable and willing to assume the custody of the six children.

■ The potential damage defendant has wrought by his course of conduct cannot be underestimated, and it cannot be deemed to be in the best interests of the children to grant their custody to one who has inculcated the attitudes exhibited by the older children. The record and findings

indicate plaintiff would be the superior custodial parent. The trial court faced the dilemma of compelling three teenagers against their will to live with their mother. To avoid further conflict and the potential of further exacerbating the unfortunate division in this tragic family, the custody of the older children was granted to defendant. Both the trial court and plaintiff exhibited wisdom in making this difficult choice, and there is no basis for this Court to intervene. This Court will not upset the trial court's judgment in custodial matters unless it is persuasively shown to be contrary to the best interests and welfare of the children and family.[11]

■ Defendant contends the provision in the decree requiring a two-week notice to arrange visitation constituted a clear abuse of discretion by the trial court. This proviso is not engraved in stone and is subject to modification as are all custodial arrangements. By reason of the strong animosities generated over the custody issue, the requirement of rather formalized arrangements until all the parties involved have had time to organize their new life-styles and gain greater insight as to their problems, cannot be deemed an inappropriate, interim solution.

■ Finally, defendant contends the trial court erred in awarding child support until each child attains the age of nineteen.

Section 15–2–1, confers power on the trial court in a divorce action to award support to age twenty-one. This Court has ruled the trial court must make a special finding to justify such an order.[12] In adherence with this standard the trial court made a special finding concerning the need for child support to the age of nineteen. Thus, defendant's claim is without merit.

CROCKETT, C. J., and HALL, WILKINS and STEWART, JJ., concur.

**10.** *Ehninger v. Ehninger*, Utah, 569 P.2d 1104 (1977).

**11.** *Cox v. Cox*, Utah, 532 P.2d 994 (1975).

**12.** *Harris v. Harris*, Utah, 585 P.2d 435 (1978); *Carlson v. Carlson*, Utah, 584 P.2d 864 (1978); *Ferguson v. Ferguson*, Utah, 578 P.2d 1274 (1978).