**Joyce M. DESPAIN, Plaintiff and Respondent,**

v.

**Robert V. DESPAIN, Defendant and Appellant.**

No. 17034.

Supreme Court of Utah.

March 11, 1981.

David S. Dolowitz, Salt Lake City, for defendant and appellant.

J. Thomas Green, H. Russell Hettinger, Salt Lake City, for plaintiff and respondent.

MAUGHAN, Chief Justice:

Defendant appeals from an order denying his motion to modify a provision in a decree of divorce. Defendant had entered into a stipulation and property settlement agreement with plaintiff, which was approved and incorporated in the decree by the trial court in November 1976. By the terms of this provision defendant agreed to continue to pay support to plaintiff for two of their children so long as they resided with plaintiff and were fulltime students. Defendant's sole ground for seeking modification

was an alleged change of law, which assertedly constituted a change of circumstance sufficient to justify modification of the decree. Defendant sought to terminate his obligation to provide support on the 21st birthday of each child. The order of the trial court is affirmed.

According to defendant, after the entry of the decree of divorce this Court rendered a series of decisions which established that a parent could not be ordered to pay support for a child between the ages of 18 and 21 without a special finding by the trial court, concerning the child's need for such support.[1] Defendant further cites two cases, which were rendered prior to the entry of the decree, which hold that absent a finding that a child is incapacitated and unable to earn a living, a parent's obligation to support terminates at age twenty-one.[2]

Since Section 15–2–1, Utah Code Annotated, 1953, as amended, confers power on the trial court in a divorce action to award support to age twenty-one, defendant does not challenge his obligation to his children to that age. He reasons that since a court in a divorce proceeding does not have authority to order support for a child over the age of twenty-one, who is not disabled, he should be relieved of his voluntary agreement to assist in providing his children with an education because his agreement was approved and incorporated by the court in a decree of divorce.

Defendant has failed to observe the distinction between those cases involving the statutory power of a court in a divorce proceeding to enter orders concerning support and those cases in which the parties in a divorce action have settled their property rights by agreement, the terms of which are incorporated in a decree. The limitations on the power of the court to order support do not limit the rights of a husband and wife to contract with respect to the education of their children as part of an agreement settling their property rights. A husband, who has undertaken an obligation in consideration of the provisions of the property settlement agreement which were for his benefit, cannot subsequently complain that the court, in the absence of such agreement, would have been without power to order him to do so.[3]

In the instant case, plaintiff filed for divorce in November 1973, the parties did not reach an agreement until November 1976. In a prior case[4] involving another provision in the property settlement, defendant argued plaintiff had contracted away her rights and relinquished all claims to the marital estate in consideration for the benefits conferred upon her therein. This Court ruled the principles of *Land v. Land*[5] were applicable:

> "... when a decree is based upon a property settlement agreement, forged by the parties and sanctioned by the court, equity must take such agreement into consideration. Equity is not available to reinstate rights and privileges voluntarily contracted away simply because one has come to regret the bargain made. Accordingly the law limits the continuing jurisdiction of the court where a property settlement agreement has been incorporated into the decree, and the outright abrogation of the provisions of such agreement is only to be resorted to with great reluctance and for compelling reasons."[6]

---

1. *Harris v. Harris*, Utah, 585 P.2d 435 (1978); *Carlson v. Carlson*, Utah, 584 P.2d 864 (1978); *Ferguson v. Ferguson*, Utah, 578 P.2d 1274 (1978); *Kerr v. Kerr*, Utah, 610 P.2d 1380 (1980); *Fletcher v. Fletcher*, Utah, 615 P.2d 1218 (1980).

2. *Dehm v. Dehm*, Utah, 545 P.2d 525 (1976); *English v. English*, Utah, 565 P.2d 409 (1977).

3. *Watson v. Watson*, 29 Colo.App. 449, 485 P.2d 919 (1971); *Clark v. Chipman*, 212 Kan. 259, 510 P.2d 1257 (1973).

4. *Despain v. Despain*, Utah, 610 P.2d 1303 (1980).

5. Utah, 605 P.2d 1248, 1250–1251 (1980).

6. Also see *Chandler v. West*, Utah, 610 P.2d 1299 (1980); *Christensen v. Christensen*, Utah, 619 P.2d 1372 (1980).

In *Land* and the prior *Despain* case, the Court dealt with property settlement agreements governing the disposition of property. In this matter, we deal with child support which is always open to the Court's power of modification (even though set by stipulation), upon a proper showing of a change of circumstances.

Defendant has not urged any compelling reasons for invoking the powers of equity to abrogate the property settlement; nor has he shown a change of circumstances to justify modification of the child support payments. Over a period of three years the parties were involved in attaining an agreement. Both made concessions in exchange for benefits. Since defendant had no legal duty to provide support for the children while they continued their education beyond their twenty first birthdays, such a subject matter would be an appropriate item of consideration by the parents in resolution of their respective claims to the marital estate. It is a proper assumption that plaintiff settled for the sum she received in reliance on the availability of additional funds to assist the children, living with her, in completing their education. It would be highly inequitable under the circumstances of this case to permit defendant to retain the benefits and be relieved of the obligations he assumed in his bargain with plaintiff.

HALL, HOWE and OAKS, JJ., concur.

STEWART, J., does not participate herein.