**LITHO SALES, INC., a corporation, Plaintiff and Respondent,**

v.

**Nina CUTRUBUS and University Services Corporation, a Utah corporation, Defendants and Appellants.**

**No. 17149.**

Supreme Court of Utah.

Sept. 25, 1981.

John Richard Bucher, Salt Lake City, for defendants and appellants.

Lawrence E. Corbridge, Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

Plaintiff, assignee of Craftsman Color Arts, brought this action to collect for printing charges made under an open account. Defendants sought a set-off in the amount of credits given to their advertisers resulting from poor or defective work done by the printer, Craftsman. The Third District Court for Salt Lake County sitting without a jury entered judgment in favor of plaintiff, without giving defendants such credits. The complaint against defendant Nina Cutrubus was dismissed; defendant University Services Corporation appeals.

Defendant raises two points on appeal, both of which challenge the sufficiency of the evidence. The contentions are that the trial court erred in 1) disallowing as a set-off a credit given to KALL radio, and 2) disallowing a set-off for business losses.

Defendant contracted with Weber State College, University of Utah, Brigham Young University, and Utah State University to provide them with programs for football and basketball games, and contracted with Craftsman Color Arts to do the printing of the programs. Craftsman did the printing for 1973 and 1974. Problems arose in the fall of 1975. Craftsman bid $15,000 for the printing of the 1975 football programs for the four schools. Craftsman closed in October, 1975, and thereafter assigned its accounts receivable to plaintiff.

The football programs for 1975 were poorly done. The programs were to be printed in four colors (full color). Some of the programs printed for October games had one or two colors only, while some of those printed for the September 13 games were printed only in black and white. The wrong paper was used for the October 11, 1975, game for the University of Utah. Some ads were left out of the programs.

Ron Schuman, a principal of Craftsman, testified on behalf of plaintiff. He testified that he had only two days and the intervening night to produce three programs, Exhibits 8, 9 and 10, for the same date, September 13, 1975. He testified that he received the copy from defendant late, and could not run four color plates in that time. He said that Nina Cutrubus, a principal of defendant, agreed that he should run the plates in black and white, and she would make some adjustments with her advertisers. When Craftsman closed in October, Schuman took defendant's account to Classic Printers to finish the remainder of the fall programs. Searle, a principal of Classic, testified that Classic printed only the black and white program changes, that Schuman provided the color sheets. Schuman testified that he charged only $8,118.24 for the September programs, rather than the full amount bid. He gave defendant a credit of $2,000 for 60,000 to 90,000 sheets of paper belonging to defendant in his possession, and $1,500 for short deliveries claimed by defendant. The total amount

thus remaining on the account, together with previous billings amounted to $6,456.20 still owing when Craftsman closed.

Defendant sought a set-off in the amounts of credits it gave to advertisers because of the poor quality of the work. Don Bleak testified that he, as an agent of KALL radio, contracted to pay $2,800 for KALL's ads for the football season in the programs of the four schools. KALL's ads were not in color in the three programs printed for September. Bleak insisted upon, and received, a credit from defendant in the amount of $2,300. Nina Cutrubus testified that she gave credits to other advertisers because of the poor quality, and because some ads were not printed at all. Another of defendant's employees testified that defendant lost advertisers. When these two witnesses were asked why the advertisers dropped their ads, hearsay objections were interjected and sustained.

The trial court concluded that the reasonableness of the credits given to advertisers had not been proved, and that the loss of business had not been substantiated. However, the court did allow a $500 credit against the amount claimed, as evidenced by a check in that amount, accepted in payment, but not credited by Craftsman.

█ This Court indulges the findings and judgment of the trial court with a presumption of validity and correctness and reviews the record in the light favorable to them, and will not disturb them if they find substantial support in the evidence.[1] Also, the appellant must bear the burden of demonstrating error.[2]

█ Applying the foregoing principles of law to the instant case, we conclude that the evidence adequately supports the findings and judgment of the trial court, and that defendant has failed to bear the burden of demonstrating reversible error.

In support of its initial position, defendant contends that the evidence presented with respect to the credit given KALL radio

1. *R. C. Tolman Const. v. Myton Water Ass'n*, Utah, 563 P.2d 780 (1977).

2. *Id.*; see also, *C. G. Horman Co. v. Lloyd*, 28 Utah 2d 112, 499 P.2d 124 (1972).

was sufficient by inference to prove that it was reasonable. Nevertheless, the record is devoid of any evidence of reasonableness. On the contrary, substantial, competent, and believable evidence was adduced by plaintiff that the diminished quality of the printing was occasioned by defendant's delay in furnishing copy and defendant's last-minute changes made in the copy. There was also evidence that defendant authorized the printing of the initial programs in black and white. In addition, plaintiff presented the testimony of an expert that, under the circumstances, the printed product was acceptable in the industry. We assume that the trial court believed those aspects of the evidence which support its findings and judgment.[3]

In support of its second point, defendant contends that the testimony of Don Bleak establishes the fact that quality of the programs caused loss of business to defendant. We do not so read the record, for in this instance as well, no evidence was adduced that the advertisers in fact ceased advertising with defendant because of the programs. Indeed, KALL radio continued to advertise. It was the testimony of Nina Cutrubus that one of the other advertisers went out of business. Further, it appears from the records that plaintiff effectively rebutted defendant's contention of lost business.

Although not raised as a specific point on appeal, defendant urges that the trial court erred in not admitting certain hearsay evidence. Specifically, defendant sought to introduce through its witness, Don Bleak, the reasons given by certain customers as to why they would not renew their advertising. The testimony sought to be elicited would clearly have been hearsay and the trial court did not err in sustaining the objection thereto lodged by plaintiff.

Defendant's argument here is that the hearsay was admissible by reason of an exception under Rule 63(12), Utah Rules of Evidence, since it was impracticable to call as witnesses all of the advertisers involved. However, the rule cited bears upon "State-

ments of Physical or Mental Condition of Declarant," which has no application to the facts of this case. Defendant did not enlighten the trial court, nor this Court, of any appropriate exception to the hearsay rule as would render the anticipated hearsay testimony of Bleak admissible, and indeed we know of none.

Affirmed. Costs to plaintiff.

STEWART and OAKS, JJ., and DOUGLAS L. CORNABY, District Judge, concur.

HOWE, J., having disqualified himself, does not participate herein; CORNABY, District Judge, sat.

MAUGHAN, J., heard the arguments, but died before the opinion was filed.

---

3. *Fillmore City v. Reeve*, Utah, 571 P.2d 1316 (1977).