Calla E. JACKMAN, Plaintiff and Appellant,

v.

Dale L. JACKMAN, Defendant and Respondent.

No. 18369.

Supreme Court of Utah.

Jan. 23, 1985.

Joel M. Allred, Salt Lake City, for plaintiff and appellant.

David S. Dolowitz, Salt Lake City, for defendant and respondent.

ZIMMERMAN, Justice:

Plaintiff appeals from a decree of divorce, contending that the trial court abused its discretion in failing to award her one-half of the value of certain interests she claims defendant owned at the time suit was initiated. She also asserts that the trial court erred in precluding any testimony concerning the necessity of child support for the couple's 18-year-old son. We agree that the court should have heard testimony relating to the need for child support, and we reverse on that issue. However, with respect to the property divi-

sion, a review of plaintiff's brief reveals that she is not truly challenging the trial court's exercise of discretion. Instead, plaintiff seeks to have this Court assess the evidence *de novo*, make its own findings of fact, and substitute its judgment for that of the trial court. We decline this invitation to reconsider matters that have been properly explored by the trial court, and we affirm the property division.

■ Plaintiff's decree of divorce from her husband of twenty-two years was entered after a two and one-half day trial. During the trial, plaintiff's attorney was given an adequate opportunity to prove his theory that defendant owned significant interests in several business entities and that plaintiff was entitled to a portion of the value of those assets. Defendant denied that he had ever owned any such interests but nonetheless offered to convey all of them to plaintiff should they be found to exist. The trial court specifically found that plaintiff had not proved that defendant owned any such interests. Plaintiff challenges these findings and the conclusions which resulted in the exclusion of the value of the alleged interests from the property distribution.

We have long adhered to the view that "[a]n appellate court cannot remain a court of appeals and invite a review of every case decided by a lower tribunal where its judgment fails to satisfy one or both parties to the litigation." *Allen v. Allen*, 109 Utah 99, 106, 165 P.2d 872, 875 (1946). Neither can we properly serve our appellate function if we modify the factual determination of a trial court whenever we take a differing view of the evidence. *Turner v. Turner*, Utah, 649 P.2d 6, 8 (1982). Because the trial court alone can assess the demeanor and relative credibility of the witnesses, is charged with the fact finding function, and is responsible for determining an equitable resolution of the matter based on those findings, we accord its actions broad deference. *Fletcher v. Fletcher*, Utah, 615 P.2d 1218, 1222 (1980). On appeal, we review the findings of fact only to determine whether they are supported by substantial

record evidence. *E.g., Litho Sales v. Cutrubus*, Utah, 636 P.2d 487, 488 (1981). And we will not disturb the conclusions drawn from these findings unless some clear abuse of discretion is shown. *See, e.g., English v. English*, Utah, 565 P.2d 409, 410 (1977).

In the present case, the trial court's findings relating to defendant's business interests had an ample evidentiary base. A lengthy trial was held and numerous witnesses were called. The trial court assessed the conflicting evidence before it and found that defendant had no interest in the subject business entities. It therefore did not abuse its discretion in excluding from the property distribution the value of defendant's alleged interests in those entities. Nevertheless, the court did award to plaintiff any interest defendant "has or may have had" in the entities. In so doing, however, the decree simply formalized the offer made repeatedly during trial by defendant's counsel. The court's action was entirely appropriate under the circumstances. We will not disturb the result.

On our own motion, however, we will reform the decree of divorce entered on March 10, 1982, to accurately reflect the ruling made by the trial court on January 7, 1982. *See Read v. Read*, Utah, 594 P.2d 871, 873 (1979). The trial court stated, and the defendant agreed, that plaintiff should be awarded all interest that defendant owned, may have owned, or may ever own in the business entities at issue. In reducing this agreement to writing, however, the language of futurity was omitted from the court's order. We therefore direct that the divorce decree be modified to include the missing langauge. This correction will award plaintiff any interest that defendant may hereafter acquire in the business entities.

■ On a separate matter, we find that the trial court erred in precluding testimony concerning the support needs of the couple's 18-year-old son, who allegedly has some physical incapacities. At the beginning of the trial, before opening statements, the court stated *sua sponte:* "The

issue of the child is out ... [H]e has attained majority. Any right to support is his and not yours in the absence of mental incapacity." This approach finds no support in the relevant statute. Section 15–2–1 of the Code states that the period of minority extends to age 18 and that "courts in divorce actions may order support to age 21." U.C.A., 1953, § 15–2–1 (1983 Supp.) Thus, any child over 18 but not yet 21 may be the subject of a support order; there is nothing in the law limiting such support to cases where a child suffers from a mental incapacity. *See Ferguson v. Ferguson,* Utah, 578 P.2d 1274 (1978). Therefore, the trial court had no discretion to exclude evidence relevant to the appropriateness of child support for the son. It should have heard the evidence and made findings of fact regarding the son's alleged incapacities and need for support. *See, e.g., Carlson v. Carlson,* Utah, 584 P.2d 864, 865 (1978); *Harris v. Harris,* Utah, 585 P.2d 435, 437 (1978). Therefore, we remand for further proceedings on the question of child support.

Each party to bear his or her own costs.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.