**Judith K. GRAFF, Plaintiff
and Appellant,**

v.

**Robert S. GRAFF, Defendant
and Respondent.**

**No. 19707.**

Supreme Court of Utah.

April 12, 1985.

Peter N. Vlahos, Ogden, plaintiff and appellant.

Findley P. Gridley, Ogden, for defendant and respondent.

PER CURIAM:

In this divorce case, the plaintiff appeals from the property distribution award and the failure of the trial judge to award her alimony. She claims that the trial judge abused his discretion in dividing the marital estate and denying alimony.

At the time of the marriage in Massachusetts in 1973, plaintiff had her master's degree and was director of nursing at Boston University Medical Center. Defendant, a widower with six minor children, was an Air Force officer on active duty, five years away from retirement. The couple and the children moved to Roy, Utah, to a home purchased by defendant before the marriage. Plaintiff took a position as assistant

professor at the University of Utah. Defendant, after 26 years in the Air Force, retired in 1978 and became employed with a local firm as pilot and credit manager. The parties separated in 1982 after nine years of marriage.

Plaintiff filed for divorce, and the case went to trial. The trial court denied plaintiff alimony, divided the marital estate, and allocated obligations incurred during the marriage according to personal responsibility.

At the time of the divorce, defendant had a retirement benefit of $2,263 per month supplemented by his salary of $1,200 per month as manager-pilot of the local firm. Plaintiff was earning about $1,200 per month at the University of Utah. She testified that but for her educational pursuits she could earn $20,000 annually. The court concluded that there was no basis for an alimony award under the circumstances. To her contention that she was entitled to maintain her accustomed lifestyle, the court responded that an award to assure such standard was inappropriate because "she has become accustomed to spend more than both of them together could make, and this Court is not about to make this kind of an order."

The findings reflect that the court restored to each party, so far as feasible, the personal property brought into the marriage by each and divided equally the personal assets acquired during the marriage. The real property equities they had acquired during the marriage were also equally divided. The court awarded plaintiff the full equity interest in the condominium property and a lien of $8,572 against another property, payable by defendant to plaintiff within one year.

Plaintiff, on appeal, claims an abuse of discretion on the part of the trial judge because he did not award alimony in an amount sufficient to allow her to get an advanced degree that would permit her to attain tenure at the University and to live according to her accustomed standard of living. She also contends conclusively that the division of property was inequitable and an abuse of discretion.

 We are constrained to disagree. Plaintiff refers to those facts that tend to support her claim of error to the exclusion of other facts that supported the decree as entered. The rule on appellate review affords considerable deference to the trial court's findings and conclusions. The burden is on the one attacking the decree to show that the evidence does not support the findings. *See, e.g., Turner v. Turner,* Utah, 649 P.2d 6, 8 (1982). Plaintiff has not carried that burden.

The judgment is therefore affirmed. No costs awarded.