**Gustav E. CLAUS, Plaintiff and Appellant,**

v.

**Marlise CLAUS, Defendant and Respondent.**

No. 20021.

Supreme Court of Utah.

Aug. 1, 1986.

J. Richard Bell, Salt Lake City, for plaintiff and appellant.

George H. Searle, Salt Lake City, for defendant and respondent.

PER CURIAM:

In this divorce action, plaintiff appeals from that portion of the decree dealing with the distribution of the parties' marital estate and the award of temporary alimony to defendant. We affirm.

The parties were married four and one-half years before they separated. No children were born of the marriage. Both had been married before and had brought several pieces of real property into the marriage. The trial court awarded plaintiff all the assets of his two corporations, real property owned by those corporations, and a rental unit acquired by the parties during the marriage. Defendant was awarded the home she lived in at the time of the divorce, real property the parties had acquired with proceeds from her real property holdings, and property acquired by the parties under uniform real estate contracts. Plaintiff was ordered to pay to defendant $350 a

month alimony for the period of one year. The court ordered plaintiff to assume certain tax liabilities owed over several years to the Internal Revenue Service. Each party was to hold the other harmless on other obligations incurred by each and to assume attorney fees incurred.

■ Plaintiff complains that the trial court failed to make findings of values of each party's premarital assets and of the increase of those values after the date of the marriage. He assails this Court's decision in *Fletcher v. Fletcher*, Utah, 615 P.2d 1218 (1980), as inequitable and unjust on the ground that it encourages a party to delay the termination of the marriage to obtain financial gain. The argument lacks all merit. Although we stated in *Fletcher* that the marital estate is evaluated according to the existing property interests at the time the marriage is terminated by the decree of the court, we predicated that statement on our long-held position that there is no fixed formula upon which to determine a division of properties. The trial court is free to make any disposition of property it deems fair, equitable, and necessary for the protection and welfare of the parties. *Id.* at 1222. In the division of marital property, the trial court has broad discretion, and its findings will not be disturbed unless the record indicates it abused its discretion. *Id.; accord Workman v. Workman*, Utah, 652 P.2d 931 (1982); *Argyle v. Argyle*, Utah, 688 P.2d 468 (1984).

The trial court found that the parties had brought to the marriage certain pieces of real property and had sold some as well as acquired others. It listed the equities of the properties divided and awarded defendant $86,000 in equities and plaintiff $87,-600. Considering defendant's sizable real estate holdings in her own right at the beginning of the marriage, the division was eminently fair to plaintiff.

■ Plaintiff's claim that the Internal Revenue Service obligation was unfairly made his separate debt is not borne out by the record. Plaintiff was cross-examined as to the relative incomes of the parties. Joint income tax returns for the years in which plaintiff was assessed taxes disclosed that plaintiff earned as much as $50,000 in one of those years, whereas defendant's income was minimal at best. Under those circumstances, we do not find abuse in the trial court's ruling that plaintiff assume as his sole obligation the amounts owing to the Internal Revenue Service.

■ This Court will not disturb the trial court's award of alimony payments unless a clear and prejudicial abuse of discretion is shown, *Higley v. Higley*, Utah, 676 P.2d 379 (1983), and the burden is on the attacker to show that the evidence does not support the findings. *Graff v. Graff*, Utah, 699 P.2d 765 (1985). Again, the record abounds with evidence supporting the trial court's ruling. Defendant testified that she had surrendered her real estate license because she did not have the funds during her separation from plaintiff to pay for attendant expenses. A seasonal business she had opened had brought no profits. She had managed rental properties before her marriage and was denied that source of income during her separation because the parties' properties were tied up in the divorce. We see no abuse in the trial court's award of twelve months' alimony to provide a cushion to defendant to return to a self-sustaining status. *See Delatore v. Delatore*, Utah, 680 P.2d 27 (1984).

Affirmed.