**Marlon D. BALLS, Plaintiff and Appellant,**

v.

**JoAnn C. (Balls) HACKLEY, Defendant and Respondent.**

**No. 870068–CA.**

Court of Appeals of Utah.

Nov. 16, 1987.

Brian R. Florence, Ogden, for plaintiff and appellant.

David R. Hamilton, Farr, Kaufman & Hamilton, Ogden, for defendant and respondent.

Before BENCH and BILLINGS, JJ., and HANSON, District Judge.*

OPINION

BENCH, Judge:

Plaintiff appeals from a court order which modified his divorce decree by increasing the support for a child over the age of 18. We affirm.

Plaintiff Marlon Balls and defendant JoAnn (Balls) Hackley, parents of two children, were divorced October 4, 1979. The decree was based upon a stipulation between the parties which set forth the terms for custody, support, alimony, and property rights. The portion of the decree relevant to this appeal reads as follows:

> That commencing with the month of October, 1979, defendant be and she is hereby awarded and plaintiff be, and he is hereby required to pay to defendant the sum of $125.00 per month per child for the support and maintenance of the minor children of the parties, which pay-

---

* Timothy R. Hanson, Judge, Third Judicial District Court, sitting by special appointment pur-

suant to Utah Code Ann. § 78–3–24(1)(j) (1987).

ments shall be due on or before the 15th day of each month. That said child support payments for each child shall continue until such child reaches the age of 18 years and thereafter so long as such child is single and living with defendant and is attending a college or a university on a full-time basis; provided, however, that in no event shall plaintiff be obligated for the support of either child beyond his or her 22nd birthday.

In September 1986, after the first child had reached the age of 18 years, defendant filed a petition to modify the decree to increase child support to $250.00 per child per month. At the modification hearing, the parties stipulated there had been a substantial change in circumstances, namely the increased needs of teenage children and a near doubling of plaintiff's income since entry of the decree. Plaintiff agreed to increase the minor child's support to $250.00 per month. The parties disagreed, however, whether the increase should be granted to the 18 year old child, and submitted the issue to the court for resolution. In an order dated February 9, 1987, the court increased child support to $250.00 per child per month subject to the conditions set forth in the decree. On appeal, plaintiff argues the trial court erred in increasing child support since, but for plaintiff's stipulation, the court had no authority to require support for a child over the age of 18.

Utah Code Ann. § 30-3-5(3) (1987) provides:

> The court has continuing jurisdiction to make subsequent changes or new orders for the support and maintenance of the parties, the custody of the children and their support, maintenance, health, and dental care, or the distribution of the property as is reasonable and necessary.

Plaintiff recognizes the continuing jurisdiction of the trial court to increase the support for the minor child based on the substantial change in circumstances. Plaintiff argues, however, that under Utah law the trial court had no authority to require him to pay more support than agreed after a child's 18th birthday.

■ Utah Code Ann. § 15-2-1 (1986) states:

> The period of minority extends in males and females to the age of eighteen years; but all minors obtain their majority by marriage. It is further provided that courts in divorce actions may order support to age 21.

The authority of the trial court, under this section, to extend a parent's obligation to support his or her child beyond the age of 18 is discretionary and may only be exercised upon a finding of necessity and special or unusual circumstances. *Harris v. Harris,* 585 P.2d 435, 437 (Utah 1978). *See also Dehm v. Dehm,* 545 P.2d 525 (Utah 1976). Plaintiff argues that absent explicit statutory authority, the court cannot modify his stipulation with defendant.

■ The Utah Supreme Court considered similar facts in *Despain v. Despain,* 627 P.2d 526 (Utah 1981). In *Despain,* the parties entered into a stipulation and property settlement agreement which was approved and incorporated in the divorce decree. The husband agreed to continue support payments for two of the children so long as they resided with plaintiff and were full-time students. Subsequently, the husband filed a motion to modify the decree requesting termination of his obligation to provide support on the 21st birthday of each child. In support of his motion, the husband relied upon a series of Utah Supreme Court decisions, including *Harris,* which established that a parent could not be ordered to pay support for a child between 18 and 21 absent a finding of necessity and special or unusual circumstances. *Despain* at 527 n. 1. On appeal, the Utah Supreme Court affirmed the denial of the husband's motion, and held:

> Defendant has failed to observe the distinction between those cases involving the statutory power of a court in a divorce proceeding to enter orders concerning support and those cases in which the parties in a divorce action have settled their property rights by agreement, the terms of which are incorporated in a decree. The limitations on the power of the court to order support do not limit the rights of a husband and wife to contract with respect to the education of

their children as part of an agreement settling their property rights. A husband, who has undertaken an obligation in consideration of the provisions of the property settlement agreement which were for his benefit, cannot subsequently complain that the court, in the absence of such agreement, would have been without power to order him to do so.... In this matter, *we deal with child support which is always open to the Court's power of modification (even though set by stipulation),* upon a proper showing of a change of circumstances.

*Id.* at 527–28 (footnote omitted) (emphasis added).

In the instant case, the trial court, in its order modifying the decree of the divorce, found:

That the parties to a divorce action may enter into stipulation and agreements in settlement of their affairs and those agreements are regularly accepted by the court and made a part of the court's order. In the particular circumstance at hand, the parties herein, pursuant to the stipulation, agreed that child support would be paid until the children reach the age of 22 years, as long as they are living with the Defendant and full-time students. *The agreement, which was incorporated into the Decree of Divorce, confers upon the Court the jurisdiction to set and continue to monitor child support until the terms of the agreement have expired* (emphasis added).

The trial court's analysis is consistent with *Despain.* The parties' stipulation was accepted by the court and incorporated into the decree. The terms of the stipulation thereby fall under the continuing jurisdiction of the court in divorce actions. We therefore affirm the trial court's order modifying the divorce decree. Costs to defendant.

BILLINGS and HANSON, JJ., concur.