ORME, Judge
(concurring):
149 I concur in the court's opinion, with one reservation. Wife's claimed expenses for the parties' youngest child, such as for "special foods" and "lots of therapy," are not relevant in calculating alimony; they are factors to be considered in fixing child support. See Farnsworth v. Farnsworth, 2012 UT App 282, ¶ 27, 288 P.3d 298 ("As a general rule, the expenses related to minor children should be included in the child support award, not as part of the alimony obligation."). That said, no prejudice resulted to Husband from this conceptual mistake. First, the district court reduced the amount it would otherwise have awarded as alimony by reason of "the rather imprecise nature of the true expenses of [Wife] particularly as they relate to [the parties' youngest child]." Second, Husband would be better off having these expenses considered in an alimony rather than a child support context, given that alimony is tax deductible, see 26 U.S.C.A. § 71 (West 2011), while child support is not, see id., and child support does not go away until a child becomes an adult, see Carlson v. Carlson, 584 P.2d 864, 865 (Utah 1978), while alimony typically lasts only as long as the marriage did, see Utah Code Ann. § 80-3-5(8)(h) (LexisNexis Supp.2012), and may terminate even sooner upon remarriage or other statutorily described cireumstances, see id. § 80-3-5(a).
150 In addition to noting the foregoing concern, I wish to highlight an important matter of statutory interpretation that should not escape the attention of our domestic relations practitioners. As discussed in Section II of the lead opinion, section 80-3-37(11) actually defines three categories of noneusto-dial parents when it comes to requiring the "relocating party" with custody to share in the cost of travel expenses necessary to facilitate visitation. Id. § 80-8-87(11). First, there are those noneustodial parents who are current in their support obligations. Id. They are presumptively entitled to reimbursement as provided in the statute. Second, there are those noncustodial parents who are not only in arrears, but who have "been found in contempt for not being current on all support obligations." Id. They are presumptively not entitled to reimbursement. A cursory reading of the statutory provision may suggest there are just these two categories, but as ably explained in the lead opinion, there is a third category: those noncustodial parents who are not "current on all support obligations" but who also have not "been found in contempt for not being current on all support obligations." Id. (emphasis added). With respect to this third group, the district court has broad discretion to decide what is most appropriate under all the circumstances, as it did in this case.